*1090 OPINION OF THE COURT
Memorandum.
The order of the Appellate Division should be affirmed.
On August 18, 1988, a search warrant was issued authorizing the search of a package addressed to defendant, as well as a search of defendant’s residence and his automobile. Defendant sought to suppress cocaine, marihuana and various firearms seized during the search, contending that no probable cause existed to sustain the warrant since it was based upon an unreasonable and unconstitutional canine "sniff’ and X-ray search of the package addressed to him. Following County Court’s denial of the motion to suppress, defendant pleaded guilty to criminal possession of a controlled substance in the third degree. The Appellate Division affirmed.
Acting upon information received from two informants that defendant was receiving shipments from Florida of cocaine concealed in teddy bears via United Parcel Service (UPS) or Federal Express, the Sheriffs department confirmed that four packages, all bearing a return address from Miami, Florida, had been delivered by UPS to defendant during a two-month period.
Shortly thereafter, the Sheriffs department was notified by UPS that another package from the same Florida address had been received for delivery to defendant. UPS was instructed to hold the package so that a Customs Service dog, trained to "alert” on the presence of marihuana, cocaine and heroin, could "sniff’ the package. The dog in fact "alerted” upon sniffing the package addressed to defendant and an X ray of the package revealed the outline of a packet contained within what appeared to be the shape of a teddy bear. A warrant was issued based on information supplied by the informants, the "sniff’ search and X ray of the package. Defendant contends that the "sniff’ and X ray of the package were unreasonable searches, violating the New York State Constitution and thus, may not constitute probable cause justifying issuance of the warrant and the ensuing search.*
The United States Supreme Court has determined that a canine "sniff’ of a person’s luggage while at an airport by a well-trained narcotics detection dog does not constitute a search within the meaning of the Fourth Amendment (see, *1091 United States v Place, 462 US 696; see also, United States v Jacobsen, 466 US 109). We have concluded, however, that such a canine "sniff’ may constitute a search within the provision of article I, § 12 of the NY Constitution (People v Dunn, 77 NY2d 19). In Dunn, the police conducted a canine sniff in the hallway of defendant’s apartment building to determine whether illegal drugs were present in the apartment. We held that the "sniff” constituted a search under the facts of that case because "the police were able to obtain information regarding the contents of a place that has traditionally been accorded a heightened expectation of privacy” (id., at 25). We ultimately concluded that a canine "sniff” search like that in Dunn was permissible, despite the absence of a warrant or probable cause, provided it was supported by reasonable suspicion that contraband was contained in the apartment.
We need not determine here, however, whether the canine "sniff” of defendant’s package constituted a search within the meaning of article I, § 12 of our State Constitution (see, People v Price, 54 NY2d 557) because even if we were to conclude that the "sniff” constituted a search, the "sniff” would have been proper inasmuch as the Sheriffs had sufficient information to support a reasonable suspicion that the package contained contraband (People v Dunn, supra).
Inasmuch as the "alert” by the Customs Service dog upon sniffing defendant’s package itself constituted probable cause that the package contained narcotics and thus was sufficient to support the issuance of the warrant (see, People v Dunn, 77 NY2d 19, supra), we need not determine whether an X ray of the package constitutes an illegal search.
Chief Judge Wachtler and Judges Simons, Kaye, Alexander, Titone, Hancock, Jr., and Bellacosa concur.
Order affirmed in a memorandum.

 Although defendant raised the Federal Constitution as a basis for suppressing the evidence at the trial court, he does not press that argument here. Thus, we address the State constitutional question alone.