■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v THOMAS CARBONE, Appellant.—Appeal by the defendant from a judgment of the Supreme Court, Kings County (Marrus, J.), rendered October 22, 1986, convicting him of criminal possession of a controlled substance in the first degree, criminal possession of a controlled substance in the seventh degree (two counts), and criminally using drug paraphernalia in the second degree, upon a jury verdict, and imposing sentence. This appeal brings up for review the denial, after a hearing (Marano, J.), of those branches of the defendant's omnibus motion which were to suppress physical evidence and statements made by him to the police.

Ordered that the judgment is reversed, on the law and the

facts, those branches of the defendant's omnibus motion which were to suppress physical evidence and statements made by him to the police are granted, the indictment is dismissed, and the matter is remitted to the Supreme Court, Kings County, for the purpose of entering an order in its discretion pursuant to CPL 160.50.

At the suppression hearing, the police officers' version of events differed from the defendant's and two codefendants' version of events leading up to their arrest. The hearing court credited portions of the officers' testimony and portions of the three defendants' testimony. Since issues of credibility are primarily for the hearing court and its determination is entitled to great weight (see, People v Garafolo, 44 AD2d 86, 88), we see no reason to disturb the hearing court's fact findings on appeal. The hearing court found that on March 18, 1985, at approximately 10:30 P.M., three police officers in an unmarked police car stopped the defendant's car after the police observed the car drive through a steady red light. As the officers approached the car, the codefendant driver of the vehicle leaped out of the vehicle and the three officers drew their guns. Officer Richard Young asked the codefendant driver for his license and registration. As the other two officers approached the passenger side of the vehicle with their guns drawn, they saw the defendant and a second codefendant moving about in an up-and-down fashion as if hiding something.

Officer Richard Cummings opened the front passenger's door and ordered the codefendant and the defendant to exit the car, which they did. From the street, through the open door, Officer Cummings saw three white and pink pills on the floor by the front passenger seat. He testified that he had no idea what the pills were or whether they were a controlled substance. Officer Cummings agreed that he did not "suspect them to be anything in particular at that time". Subsequent laboratory analysis indicated that the three pills did not contain any controlled substance. Officer Cummings went into the vehicle and saw a brown leather bag on the floor near the pills. He opened the bag and found a plastic bag full of pills which had "Lemon 714" on them, a common designation for Quaaludes. Upon this discovery, Officer Cummings directed the other two officers to arrest the defendant and the codefendants. Officer Cummings did not recover the three pink and white pills he had originally entered the car to retrieve. A search of the car subsequent to the arrest of the defendant

and codefendants revealed a loaded handgun, some cocaine, and drug paraphernalia.

The hearing court refused to suppress the physical evidence, concluding that once Officer Cummings saw the three pink and white pills, he had probable cause, based on all of the circumstances, to search the vehicle, including any containers inside the vehicle. We disagree. Assuming, without deciding, that the officers' gunpoint approach to the defendants' car was reasonable *(see generally, People v Finlayson,* 76 AD2d 670, *cert denied* 450 US 931) the officers did not have probable cause to arrest the defendant and codefendants upon the discovery of the pink and white pills. Therefore, the search of the closed brown bag inside the car was unlawful.

The automobile exception to the warrant requirement provides that where the police have validly arrested an occupant of an automobile, and have reason to believe that the car may contain evidence related to the crime for which the occupant was arrested, the police may search the vehicle, including containers found therein *(see, People v Belton,* 55 NY2d 49, 55). When Officer Cummings saw the three pink and white pills on the floor of the car, he admittedly did not suspect them to be anything in particular at that time. Officer Cummings testified that he had no basis to conclude that the three pills contained a controlled substance. Therefore he did not have probable cause to arrest the defendant and the codefendants and the search of the vehicle and the closed brown bag inside the car was not justified under the automobile exception to the warrant requirement. Accordingly, the evidence seized must be suppressed as the fruits of an unlawful search *(see, Wong Sun v United States,* 371 US 471). We note that Officer Cummings's search of the car cannot be justified under the theory that he was searching for weapons to protect the officers' safety, since the occupants of the car had already been removed from the car *(see, People v Torres,* 74 NY2d 224). Furthermore, the three pink and white pills could not have been seized under the plain view doctrine since it was not "immediately apparent" to Officer Cummings that the pills were either evidence of criminality or contraband *(see, Horton v California,* 496 US 128, 136-137).

In light of the foregoing, we need not address the other issues raised on appeal, including the issue raised in the defendant's supplemental *pro se* brief. Rosenblatt, J. P., Miller, O'Brien and Ritter, JJ., concur.