OPINION OF THE COURT
Lea Ruskin, J.
Defendant was charged with unlawful possession of marihuana on June 13, 1996, a violation of Penal Law § 221.05. A Mappl Huntley hearing was held before this court on December 11, 1996, to determine whether the marihuana seized from the defendant’s person and his subsequent oral statement should be suppressed as fruits of an illegal search.
At the hearing, there was only one witness, Detective John Hanrahan, the arresting officer. He testified, on direct examination, that the police were acting pursuant to a valid search warrant, issued on probable cause.[1] The warrant allowed them to conduct a canine "sniff’ search of the rear yard of the building located at 265 Babylon Turnpike, Roosevelt, New York, the entire inside of the building at that address and "the person found behind the plexi-glass area” inside the building. The building identified in the warrant was a grocery store open to the public which was conducting business at the time the search warrant was executed.
Detective Hanrahan testified that after entering the front door of the grocery store, the first police officer inside ordered all the patrons in the store to lie flat on their stomachs to ensure the safety of the incoming officers. All those now on their stomachs were then told to throw out any drugs they might have on their persons as the police had a trained drug-sniffing dog with them which could potentially bite someone possessing a controlled substance.
Detective Hanrahan stated that the police officer holding the canine proceeded into the store through the front door. He held the dog on a tight leash leading him toward the plexiglass partition and the rear of the store when the animal "lunged to the right” toward the prone defendant’s back pants’ pocket. Detective Hanrahan testified that this indicated the *482 presence of a controlled substance and at that point he noticed that the defendant’s back pants’ pocket was "puffed-out”.[2]
Based on the dog’s "sniff”, and his observation of the puffy pocket, the detective concluded that probable cause existed and he searched the defendant’s back pocket. The search yielded a brown paper packet holding eight 1 inch by 1 inch glassine envelopes, containing what appeared to be marihuana.
Some time later, while in custody at the police station, the defendant made a spontaneous, and voluntary, incriminating declaration about his possession of the "weed”.
This case presents two initial questions: first, whether a sniff of the air around a person by a drug-sniffing dog constitutes a "search”, and second, if it is a search, whether that search is unreasonable in the circumstances of this case.
Federal and State authorities differ when characterizing the canine "sniff” of the air around a person, his realty or his property. In United States v Place (462 US 696), the United States Supreme Court determined that a canine sniff of a person’s luggage, while at an airport, by a well-trained narcotics detection dog does not constitute a search within the meaning of the Fourth Amendment. (See also, United States v Jacob-sen, 466 US 109.) However, the Court of Appeals of the State of New York has concluded that a canine "sniff” may constitute a search within the provision of article I, § 12 of the New York Constitution. (People v Dunn, 77 NY2d 19, cert denied 501 US 1219.) In Dunn, the police conducted a canine sniff of the hallway outside defendant’s apartment to determine whether illegal drugs were present inside the apartment. The Court held that "sniff” to be a search because it divulged information regarding the contents of an apartment, a place that is generally considered highly private. (See also, People v Offen, 78 NY2d 1089.) This court concludes that a person’s body is, at least, as private as his apartment and, accordingly, this court finds that the sniffing of the defendant’s pocket in the instant case was a search. The question of whether that search is reasonable, given the facts in this case, remains.
In People v Price (54 NY2d 557), the Court found that the sniffing of the air around a person’s closed luggage being transported by airplane was a search but constituted a minimal intrusion when balanced against air travel safety. Similarly, in People v Dunn (supra), the Court found no infringement of a *483 defendant’s legitimate and reasonable expectation of privacy in the canine sniff of the exterior of defendant’s apartment. In Dunn, the sniff constituted probable cause for the issuance of a subsequent search warrant for the apartment. The Court in People v Offen (supra) found there was no infringement of a defendant’s privacy by a Customs Service dog sniffing a package being shipped by UPS. (See also, People v Bannister, 112 Misc 2d 770.) These cases note the minimal intrusion involved and, as in Dunn, the sniff formed the basis of issuing the search warrant. None of these cases, however, has addressed the air surrounding a person not being investigated directly but rather whose presence is merely incident to the execution of a lawful search warrant.
The issue in the instant case, one of first impression in New York, can be posed as follows: does a person have a reasonable expectation that the air surrounding his body and any odors emanating from him remain private against the revealing "sniffs” of a trained drug-smelling dog when that person is in a public place at which the canine is also lawfully present?
Since the police were acting pursuant to a valid search warrant and in the course thereof, without directing the dog to the defendant, the dog indicated that a drug was present in the defendant’s back pocket by lunging toward him but not biting him, the court concludes that there was no intrusion of the defendant’s person. The court is not aware of any case holding that there is a reasonable expectation of privacy to the odors emanating from one’s person or in the air surrounding one’s possessions. Federal cases universally indicate no such expectation is reasonable. (See, e.g., United States v Fulero, 498 F2d 748; United States v Venema, 563 F2d 1003; United States v Bronstein, 521 F2d 459, cert denied 424 US 918; United States v Solis, 536 F2d 880.) New York cases suggest the same conclusion. (See, People v Price, supra; People v Dunn, supra; People v Offen, supra; People v Bannister, supra.)
 This court concludes that in New York there can be no reasonable expectation that odors emanating from one’s person will, under all circumstances, remain private or that an expectation of privacy extends to the atmosphere generally. (See, People v Price, supra, at 560-561.) Accordingly this court holds that in the circumstances of the instant case, the canine’s actions did not constitute an unreasonable search. The court further holds that once the sniff occurred and the puffiness in defendant’s pocket was observed, the subsequent seizure by Detective Hanrahan from the defendant’s pocket was based *484 upon probable cause. Although in most of the New York cases cited above the canine’s sniffing was used to obtain a search warrant, the court believes that limiting the use of the sniffing to that purpose would frustrate justice. The contraband was on the defendant’s person and unless the officer was allowed to make the seizure in the store the contraband would certainly be disposed of before a warrant to search the person of the defendant could be obtained and executed. Accordingly, the contraband in the instant case should not be suppressed.
Regarding the defendant’s attempt to suppress his incriminating statement, the court concludes that Detective Hanrahan’s testimony that this statement was made voluntarily and spontaneously, was not challenged or impugned during the hearing. The court notes that the statement was not made in response to any questioning and concludes that it was not the result of an illegal search and seizure or of an illegal arrest. Accordingly the defendant’s statement is admissable at trial.

. The validity of the search warrant and the probable cause for its issuance were not questioned in this case.

. The question of the reliability and experience of the drug-sniffing canine in this case are not before the court.