■ The People of the State of New York, Respondent, v Peter Gathogo, Appellant. [715 NYS2d 459] —Carpinello, J. Appeal from a judgment of the County Court of Sullivan County (LaBuda, J.), rendered March 18, 1999, which revoked defendant's conditional discharge and imposed a sentence of imprisonment.

On September 13, 1998, defendant and a companion were traveling on State Route 17 in the Town of Liberty, Sullivan County, when they were stopped by police and a subsequent search of the vehicle produced four pounds of marihuana in the

trunk. As a result of this incident, defendant pleaded guilty to criminal possession of marihuana in the second degree and was subsequently sentenced to a conditional discharge. Conditions of his discharge included that he not violate the law or use or possess drugs.

Approximately one month after being sentenced, a car which defendant had rented and in which he was riding as a backseat passenger was stopped on Route 17, this time in the Town of Blooming Grove, Orange County. A subsequent search of that vehicle's backseat produced 1½ pounds of marihuana. At this time, defendant was arrested and charged with criminal possession of marihuana in the second degree.* Approximately two weeks later, a declaration of delinquency was filed by County Court stating that there was reasonable cause to believe that defendant violated the terms of his conditional discharge. Following a hearing, defendant was found to have violated the terms of his conditional discharge, which was then revoked. Defendant was resentenced to 2⅓ to 7 years in prison and now appeals. We affirm.

Contrary to defendant's contention, a preponderance of the evidence introduced at the hearing supports the finding that he violated his conditional discharge (see, CPL 410.70 [3]). At the violation hearing, State Trooper Brendan Tumulty testified that on the morning of December 28, 1998, he and his partner stopped a vehicle on Route 17 after observing it swerve off the road three times. Tumulty detected the odor of marihuana from inside the vehicle upon approaching its driver and requesting his license. Upon learning that the vehicle had been rented by defendant and that none of the three occupants possessed a driver's license, Tumulty asked the occupants to exit the vehicle. A canine unit was called to the scene and the driver was arrested for driving without a license. State Trooper Christopher Quick, who arrived with a narcotic-detecting canine, testified that the dog made several "hits" (i.e., a positive reaction to the presence of drugs) upon sniffing the vehicle. Specifically, the dog "hit" on the outside of the vehicle door, on an ashtray in the backseat center console and on the backseat itself. Quick discovered marihuana "roaches" in the ashtray and a bag of marihuana behind the backseat. Defendant was arrested and brought to the State Trooper barracks where, according to Tumulty, he admitted that approximately a third of the marihuana found belonged to him (i.e., one half of a pound).

Having justifiably stopped the vehicle for swerving and hav-

---

* This charge was later reduced to criminal possession of marihuana in the fourth degree and ultimately dismissed on speedy trial grounds.

ing detected the odor of marihuana from inside it, there was reasonable suspicion that the car contained drugs and the subsequent canine sniff was proper (*see, People v Offen*, 78 NY2d 1089; *People v Dunn*, 77 NY2d 19, *cert denied* 501 US 1219). Moreover, once the dog "hit," probable cause existed to search the vehicle (*see, People v Offen, supra*, at 1091). This being the case, County Court was entitled to consider the presence of drugs in the vehicle, as well as defendant's subsequent admission that some of the seized drugs belonged to him, in deciding whether he violated his conditional discharge. Moreover, this evidence was sufficient to support the court's determination that defendant violated his sentence of conditional discharge by knowingly and unlawfully possessing marihuana. To the extent that the court erred in finding that defendant violated a condition of discharge which was never expressly imposed upon him at sentencing (associating with a known felon) (*see*, Penal Law § 65.05 [2]; CPL 410.10 [1]), the evidence of defendant's possession of marihuana nevertheless adequately supports the determination.

Defendant's remaining contentions are either unpreserved for our review or rejected as meritless.

Cardona, P. J., Crew III, Graffeo and Mugglin, JJ., concur. Ordered that the judgment is affirmed.

