■ THE PEOPLE OF THE STATE OF NEW YORK, Appellant, v TYLOR R. WILLETTE, Respondent. [839 NYS2d 597]—

Kane, J. Appeal from an order of the County Court of Essex County (Meyer, J.), entered September 22, 2006, which granted defendant's motion to suppress certain evidence.

Defendant was driving southbound on Interstate 87 when a State Trooper noticed that defendant's license plate was not illuminated. The Trooper conducted a traffic stop on the exit ramp to a rest area. When the Trooper approached the passenger-side window, defendant readily produced his registration and license, explained the basis for his restricted-use license, and acknowledged that he was not commuting to work and was therefore operating the vehicle outside those restrictions. Having also noticed that the windows in defendant's car were darkly tinted, the Trooper returned to his vehicle to check the license and registration and write tickets for the violations related to the plate lamp, tinting and operating the vehicle in violation of restrictions. The Trooper approached defendant's car a second time, asked defendant to exit the car and informed him that an inventory search of his car would be performed as well as a walk-around by the Trooper's canine partner. Defendant advised the Trooper that there was a problem, namely that the car trunk contained nine pounds of marihuana. The Trooper placed defendant in handcuffs, walked his canine around the car resulting in an alert on the trunk, opened the trunk where the dog again alerted on a hockey bag, opened the hockey bag and found numerous plastic ziplock bags containing approximately nine pounds of marihuana.

A grand jury indicted defendant on the sole count of criminal possession of marihuana in the second degree. Defendant moved to suppress the marihuana and his statements. Following a hearing at which the Trooper was the only witness, County Court granted defendant's suppression motion and dismissed the indictment (14 Misc 3d 1206[A], 2006 NY Slip Op 52433[U] [2006]). The People appeal.

Defendant does not contest the absence of proper license plate

illumination, thereby conceding that the initial traffic stop was lawful. The questions at issue are whether the subsequent search was proper and whether the duration of the stop was excessive. The People had the burden of establishing the legality of police conduct in the first instance (*see People v Hofelich*, 31 AD3d 882, 884-885 [2006], *lv denied* 7 NY3d 867 [2006]). Although County Court found portions of the Trooper's testimony not credible, and we give great deference to such credibility determinations (*see People v Melendez*, 195 AD2d 856, 856-857 [1993]), we base our decision on uncontested facts or portions of the testimony accepted by County Court.

Once the Trooper determined that defendant, the only person in the vehicle, could not legally drive it away (*see* Vehicle and Traffic Law § 509 [3]; § 530 [3], [6]), the Trooper had the authority to impound it (*see People v Figueroa*, 6 AD3d 720, 722 [2004], *lv dismissed* 3 NY3d 640 [2004]; *People v Clark*, 210 AD2d 701, 701 [1994]). Having determined that the car needed to be impounded, the Trooper reasonably asked defendant to exit the vehicle and informed him that an inventory search would be conducted. Because the duration of the lawful traffic stop would not be extended by conducting a canine sniff around the outside of defendant's car, as they had to wait for a tow truck, the canine sniff did not amount to a Fourth Amendment violation (*see Illinois v Caballes*, 543 US 405, 410 [2005]).

The Court of Appeals has interpreted NY Constitution, article I, § 12 more narrowly than the Fourth Amendment, such that a canine sniff may constitute an impermissible search depending on the circumstances (*see People v Dunn*, 77 NY2d 19, 24-26 [1990], *cert denied* 501 US 1219 [1991]; *see also People v Offen*, 78 NY2d 1089, 1091 [1991]). Courts analyzing a situation under our state constitutional law should "focus on whether there has been an intrusion into an area where an individual has a reasonable expectation of privacy" (*People v Dunn, supra* at 25). Relying on this focus, the Court has held that a sniff by a trained canine outside of a person's residence constitutes a search (*see id.*), but a sniff of luggage at an airport, even in the days of less restrictive air travel, did not constitute a search for state constitutional purposes (*see People v Price*, 54 NY2d 557, 563 [1981]). We are confronted with a situation somewhere in between those two extremes.

While the Court of Appeals has not addressed automobile searches in the context of canine sniffs, it has noted that automobile searches represent an exception to the warrant requirement based on the mobility of vehicles as well as their contents and on "the diminished expectation of privacy attrib-

uted to individuals and their property when travelling in an automobile" (*People v Yancy*, 86 NY2d 239, 246 [1995]). We need not address whether canine sniffs of automobiles ever constitute unlawful searches under NY Constitution, article I, § 12 because here we have an additional circumstance, further lessening any expectation of privacy, to wit, that defendant was operating his vehicle outside his license restrictions, thereby making the vehicle subject to impoundment and an inventory search. A valid inventory search conducted by the police could have included opening and examining closed containers within the vehicle, including the hockey bag in the trunk (*see People v Gonzalez*, 62 NY2d 386, 390 [1984]; *People v Cooper*, 241 AD2d 553, 554 [1997], *lv denied* 90 NY2d 1010 [1997]; *People v Gallego*, 155 AD2d 687, 689 [1989], *lv denied* 75 NY2d 919 [1990]; *see also People v Briggs*, 21 AD3d 1218, 1219 [2005], *lv denied* 5 NY3d 851 [2005]).

Since the Trooper could conduct a canine sniff without offending the state or federal constitutions, he similarly did not create a violation by informing defendant that such a sniff would be executed. Defendant's incriminating statements were lawfully obtained, as he was not in custody (*see People v Dougal*, 266 AD2d 574, 576 [1999], *lv denied* 94 NY2d 879 [2000]), and he made the statements in response to the Trooper's informative comments concerning the procedure that he would follow. Once defendant stated that marihuana would be found in the car, probable cause existed to search the vehicle, including the hockey bag in the trunk where the trained canine alerted (*see People v Gathogo*, 276 AD2d 925, 926-927 [2000], *lv denied* 96 NY2d 734 [2001]). Therefore, the marihuana was found during a search justified by probable cause. Neither that substance nor defendant's statements should have been suppressed.

Mercure, J.P., Spain, Mugglin and Rose, JJ., concur. Ordered that the order is reversed, on the law, motion denied, and matter remitted to the County Court of Essex County for further proceedings not inconsistent with this Court's decision.