■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v LUIS ESTRELLA, Appellant. CITY OF ROCHESTER, Respondent. [851 NYS2d 793]—

Appeal from a judgment of the Monroe County Court (Alex R. Renzi, J.), rendered October 24, 2005. The judgment convicted defendant, upon his plea of guilty, of criminal possession of a controlled substance in the second degree.

It is hereby ordered that the judgment so appealed from is affirmed.

Memorandum: Defendant appeals from a judgment convicting him, upon his plea of guilty, of criminal possession of a controlled substance in the second degree (Penal Law § 220.18 [1]). Contrary to the contention of defendant, County Court properly refused to suppress evidence seized from his vehicle. The evidence at the suppression hearing established that a police officer received a radio transmission that police "needed a Mercedes Benz stopped on Lyell Avenue." Upon observing a Mercedes Benz traveling on Lyell Avenue with a rear window that appeared to be heavily tinted, the officer stopped the vehicle. Another officer responded with a tint meter to test the window tint and determined that the level of light transmittance in the rear window was 10%. Vehicle and Traffic Law § 375 (12-a) (b) (4) provides in relevant part that "[n]o person shall operate any motor vehicle upon any public highway, road or street . . . the rear window of which is . . . treated with any material which has a light transmittance of less than seventy percent." The vehicle had Georgia license plates and defendant, who failed to present a valid driver's license, informed the officers that he resided in Georgia. The officers then obtained information from the American Automobile Association to the effect that, pursuant to a Georgia statute, the window was required to have light transmittance of 32% (see § 250 [1]). Defendant correctly contends that, several months before the officers stopped his vehicle, the Supreme Court of Georgia had held that the statute

was unconstitutional (*Ciak v State*, 278 Ga 27, 28-29, 597 SE2d 392, 394 [2004]).

We cannot agree with the dissent that the officer who stopped defendant's vehicle knew at the time of the stop that "defendant's vehicle was registered in Georgia and that defendant was a Georgia resident" and thus that, pursuant to Vehicle and Traffic Law § 250 (1), defendant was exempt from the requirements of section 375 (12-a) (b) (4). Section 250 (1) provides in relevant part that the owner of a vehicle that is in compliance with the registration and equipment requirements of the state in which the owner resides is exempt from provisions of the Vehicle and Traffic Law pertaining to registration and equipment. The exemption is applicable, however, only if the state in which the owner resides grants "like exemptions" to residents of New York State (*id.*). The record of the suppression hearing establishes that, at the time of the stop, the officer did not know whether defendant was the owner of the vehicle, whether the vehicle was properly registered in Georgia, or whether the light transmittance complied with Georgia law (*see id.*). Rather, the officer knew only that the vehicle was operated on a public highway with a rear window that appeared to be tinted with a material having a light transmittance of less than 70%. We therefore conclude that the officer who stopped the vehicle had the requisite probable cause to believe that a violation of Vehicle and Traffic Law § 375 (12-a) (b) (4) had occurred (*see People v Robinson*, 97 NY2d 341, 349-350 [2001]; *People v McKane*, 267 AD2d 253 [1999], *lv denied* 94 NY2d 922 [2000]). The stop itself was necessary to obtain the information whether section 250 (1) was applicable and thus whether defendant was exempt from the requirements of section 375 (12-a) (b) (4). Also contrary to the view of the dissent, it is unreasonable to require that police officers be familiar with the equipment requirement laws of every state, and presumably other countries, in order to effectuate a proper stop for a violation of New York State law.

Contrary to the further contention of defendant, the use of a narcotics-detection dog to sniff the exterior of the vehicle during the lawful stop of his vehicle did not violate his constitutional right to be protected from unlawful search and seizure (*see Illinois v Caballes*, 543 US 405, 409 [2005]; *People v Willette*, 42 AD3d 674, 675 [2007], *lv denied* 9 NY3d 883 [2007]). Furthermore, upon obtaining a positive indication from the dog that drugs were present in the vehicle, the police thereafter properly obtained a search warrant (*see People v Leon*, 23 AD3d 1110 [2005], *lv denied* 6 NY3d 755 [2005]). We conclude that the court properly denied the request of defendant for a hearing

pursuant to *Franks v Delaware* (438 US 154 [1978]) challenging the veracity of the affidavit in support of the search warrant application. Although the affiant stated that the dog was a certified narcotics-detection dog when in fact the dog's certification had expired approximately one month before the search and the dog was not recertified until approximately two weeks after the search, we nevertheless conclude on the record before us that defendant failed to establish the need for a *Franks* hearing, to show that the affiant "deliberately falsified allegations to demonstrate probable cause" (*Franks*, 438 US at 168; *see People v Cohen*, 90 NY2d 632, 637-638 [1997]). We have reviewed defendant's remaining contention and conclude that it is without merit.

All concur except Lunn and Green, JJ., who dissent and vote to reverse in accordance with the following memorandum.

Lunn and Green, JJ. (dissenting). We respectfully dissent because we cannot agree with the majority that County Court properly refused to suppress evidence seized from defendant's vehicle. It is by now well established that a police officer may lawfully stop a motor vehicle where the officer has "probable cause to believe that the driver of [the motor vehicle] has committed a traffic violation" (*People v Robinson*, 97 NY2d 341, 349 [2001]), and we agree with the majority that the police may lawfully stop a vehicle for the traffic infraction of excessively tinted windows (*see People v McGriff*, 219 AD2d 829, 830 [1995]). New York motor vehicle equipment provisions, however, do not apply to motor vehicles owned by nonresidents of New York, provided that the owner is in compliance with the equipment provisions of the law of the state of his or her residence (*see* Vehicle and Traffic Law § 250 [1]). Here, the police officer who stopped defendant's vehicle knew only that defendant's vehicle was registered in Georgia and that defendant was a Georgia resident. Thus, Georgia law applied with respect to the tinted rear window on defendant's vehicle, and there was no window tint law in effect when defendant's vehicle was stopped. The window tint statute in Georgia had been declared unconstitutional by the Supreme Court of Georgia (*see Ciak v State*, 278 Ga 27, 28-29, 597 SE2d 392, 394 [2004]) several months before the defendant's vehicle was stopped, and a new window tint statute was not enacted in Georgia until nearly a year after the prior statute was declared unconstitutional (*see* Ga L 2005, act 67). Thus, contrary to the view of the majority, we conclude that the police did not have probable cause to believe that defendant had committed a traffic infraction. While it is true that the officers were unaware that Georgia's window tint statute had been

declared unconstitutional, that mistake of law, as opposed to a mistake of fact, cannot justify the stop of a vehicle and the ensuing search and subsequent seizure of evidence therefrom (*see People v Smith*, 1 AD3d 965 [2003]; *Matter of Byer v Jackson*, 241 AD2d 943, 944-945 [1997]). Further, we discern no valid public policy reason for not requiring police officers to familiarize themselves with the motor vehicle equipment laws of other states if they stop such vehicles solely on the basis of a purported equipment violation. Motor vehicle stops constitute "at least a limited seizure subject to constitutional limitations" (*People v John BB.*, 56 NY2d 482, 487 [1982], *cert denied* 459 US 1010 [1982]) and, in our view, where a stop is predicated on a traffic infraction, police officers must be charged with the objective standard of knowing whether such an infraction occurred (*see generally Robinson*, 97 NY2d at 349-350). Here, defendant's purported window tint violation cannot justify the stop of defendant's motor vehicle.

Inasmuch as there is no legal justification for the stop of defendant's vehicle, we would reverse the judgment, vacate the plea of guilty, grant that part of the motion of defendant to suppress evidence seized from his vehicle, dismiss the indictment and remit the matter to County Court for proceedings pursuant to CPL 470.45. Present—Scudder, P.J., Gorski, Lunn, Peradotto and Green, JJ.