THE PEOPLE OF THE STATE OF NEW YORK, Appellant, v DAMIEN DEVONE, Respondent. [870 NYS2d 513]—

Lahtinen, J.

The primary issue before us is whether, under the NY Constitution, reasonable suspicion of drug-related criminal conduct is a minimum prerequisite to a canine sniff of the exterior of a car that has been stopped for a traffic violation. A state trooper and a Schenectady police officer—working together in a high crime area as part of "Operation Impact" and having a narcotics-detecting dog in their vehicle with them—observed codefendant Troy Washington talking on a cell phone while driving. Defendant was a front seat passenger in the car. During the ensuing

traffic stop for the violation, the trooper learned that Washington did not have his driver's license with him, he could not produce the car's registration, and he provided no discernible response regarding where he was going. Upon further questioning, Washington said the car was registered to his cousin, he did not know his cousin's name and, when asked where his cousin was, he pointed to defendant. A computer verification revealed that, while the car had not been reported as stolen, it was not registered to defendant. The evasive and incorrect answers to routine questions caused suspicion by the trooper and police officer and they decided to have the dog walk around the car. This resulted in an alert by the dog for the presence of narcotics in the car. The trooper opened the door and the dog scratched at the armrest console, where the police found cocaine.

Defendant and Washington were indicted for criminal possession of a controlled substance in the third degree and criminal possession of a controlled substance in the fourth degree. Defendant moved to suppress alleging an unlawful search. At the *Huntley/Mapp* hearing, the trooper acknowledged that, before the dog sniff occurred, he had verified through a computer check that Washington had been issued a driver's license and, thus, this was not a situation where the vehicle could not be legally driven (*compare People v Willette*, 42 AD3d 674, 675 [2007], *lv denied* 9 NY3d 883 [2007]). After the hearing, a Judicial Hearing Officer recommended suppressing the cocaine on both federal and state constitutional grounds. County Court adopted the recommendation to suppress on state constitutional grounds. In its decision, County Court held that, while a general common-law right to inquiry (i.e., based on founded suspicion) existed such that the officers could have requested to search the car, the decision to use a canine sniff of the car's exterior needed to be supported by the higher showing of a reasonable suspicion to satisfy the NY Constitution. The People appeal.

A canine sniff of the exterior of a car during a lawful traffic stop that does not unnecessarily prolong the encounter is not a violation of the 4th Amendment to the US Constitution (*see Illinois v Caballes*, 543 US 405, 408-410 [2005]). This is not the end of the analysis since New York has frequently interpreted its constitutional protection against unreasonable search and seizure (*see* NY Const, art I, § 12) to afford broader protection than its federal counterpart (*see People v Dunn*, 77 NY2d 19, 24-25 [1990], *cert denied* 501 US 1219 [1991]; *People v Willette*, 42 AD3d at 675; *see generally People v P.J. Video*, 68 NY2d 296, 303 [1986], *cert denied* 479 US 1091 [1987]).

The Court of Appeals has held that the use of a canine sniff at a person's home, while requiring neither a warrant nor probable cause, nevertheless must be supported by a reasonable suspicion (*see People v Dunn*, 77 NY2d at 26). Compared to a home, which has a "heightened expectation of privacy" (*id.* at 25), occupants of a car have a "diminished expectation of privacy" (*People v Yancy*, 86 NY2d 239, 246 [1995]; *see Cardwell v Lewis*, 417 US 583, 590 [1974]). It follows that the same test that applies to homes need not necessarily control for cars (*see generally People v Moore*, 6 NY3d 496, 498-499 [2006] [summarizing the graduated four-level test typically applied to street encounters with police]). We note that, after County Court's decision, the Court of Appeals affirmed (without directly discussing the issue) a decision of the Fourth Department holding, among other things, that "the use of a narcotics-detection dog to sniff the exterior of the vehicle during the lawful stop of [the defendant's] vehicle did not violate [the defendant's] constitutional right to be protected from unlawful search and seizure" (*People v Estrella*, 48 AD3d 1283, 1285 [2008], *affd* 10 NY3d 945 [2008], *cert denied* 555 US —, 129 S Ct 608 [2008]). There was no discussion in *Estrella* of the necessity (beyond a lawful stop) of reasonable suspicion, founded suspicion or any other quantum of proof indicating possible criminal conduct.

Here, there was a lawful traffic stop for an observed violation. Defendant did not raise the issue of an unreasonably prolonged stop, and no such issue is apparent since the dog was already in the police vehicle at the time of the stop. The initial lengthening of the stop resulted from the trooper having to verify information in light of evasive and inaccurate responses by Washington to routine questions. County Court, while finding that such conduct by Washington did not give rise to a reasonable suspicion, nevertheless stated that there was a sufficient founded suspicion to support a general common-law right to inquiry such that the officers could have requested to search the car (*see People v Battaglia*, 86 NY2d 755, 756 [1995]; *People v McCarley*, 55 AD3d 1396 [2008]; *People v Ponder*, 43 AD3d 1398, 1399 [2007], *lv denied* 10 NY3d 770 [2008]; *People v Coutant*, 16 AD3d 772, 774 [2005]; *People v Tejeda*, 217 AD2d 932, 933 [1995], *lv denied* 87 NY2d 908 [1995]). In light of the diminished expectation of privacy in a car as opposed to a home and the fact that "a 'canine sniff' is far less intrusive than a full-blown search" (*People v Dunn*, 77 NY2d at 26), we find that the presence of a founded suspicion is sufficient to permit a canine sniff of the exterior of a car that has been lawfully stopped and not unreasonably delayed. Since there was a founded suspicion here, we need not address whether a lesser showing—such as applies

to the 4th Amendment and arguably was applied in *People v Estrella* (48 AD3d at 1285)—would satisfy the NY Constitution.

Once the narcotics-sniffing dog—whose training and reliability was established at the hearing—indicated the presence of drugs in the vehicle, probable cause existed to enter and search the vehicle (*see People v Gathogo*, 276 AD2d 925, 927 [2000], *lv denied* 96 NY2d 734 [2001]; *see also People v Offen*, 78 NY2d 1089, 1091 [1991]; *People v Badger*, 52 AD3d 231, 232 [2008], *lv denied* 10 NY3d 955 [2008]; *People v Pierre*, 8 AD3d 904, 905 [2004], *lv denied* 3 NY3d 710 [2004]; *People v Guido*, 175 AD2d 364, 365 [1991], *lv denied* 78 NY2d 1076 [1991]).

Cardona, P.J., Carpinello, Kane and Malone Jr., JJ., concur. Ordered that the order is reversed, on the law, motion denied, and matter remitted to the County Court of Schenectady County for further proceedings not inconsistent with this Court's decision.