■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v TYLOR F. WILLETTE, Appellant. [904 NYS2d 775]—

Cardona, P.J. Appeal from a judgment of the County Court of Essex County (Meyer, J.), rendered March 25, 2008, convicting defendant upon his plea of guilty of the crime of criminal possession of marihuana in the third degree.

When a State Trooper stopped defendant's car for a traffic infraction in the Town of Schroon, Essex County, he discovered that defendant was operating the vehicle outside his license restrictions. After determining that the car would have to be

impounded, the Trooper asked defendant to exit the car and informed him that an inventory search would be performed, as well as a walk-around by the Trooper's canine partner. Defendant then advised the Trooper that the car's trunk contained nine pounds of marihuana. Subsequently, the canine alerted on the trunk and, after the trunk was opened, alerted on a hockey bag that the Trooper found to contain numerous plastic ziplock bags of marihuana.

Defendant was charged with criminal possession of marihuana in the second degree. He moved to suppress both the marihuana and his incriminating statements. County Court granted the motion and dismissed the indictment. However, this Court reversed and reinstated the indictment, holding that defendant's constitutional rights were not violated by the canine sniff of the car (*People v Willette*, 42 AD3d 674 [2007], *lv denied* 9 NY3d 883 [2007]). Thereafter, defendant pleaded guilty to criminal possession of marihuana in the third degree and was sentenced to 1½ years of imprisonment with one year of postrelease supervision. On this appeal, he argues that in *People v Devone* (57 AD3d 1240 [2008], *lv granted* 12 NY3d 852 [2009]) this Court created a more protective standard under the NY Constitution with respect to canine sniffs, and he contends that this Court should reconsider its suppression ruling under this standard. He also argues that his car was not subject to impoundment.

We are not persuaded. With respect to the canine sniff of defendant's car, we stated in our previous decision that "[w]e need not address whether canine sniffs of automobiles ever constitute unlawful searches under NY Constitution, article I, § 12 because here . . . defendant was operating his vehicle outside his license restrictions, thereby making the vehicle subject to impoundment and an inventory search" (42 AD3d at 676). Thus, our decision that defendant's rights were not violated was premised not on the conclusion that the standard for a canine sniff was met, but rather on the fact that the marihuana would inevitably have been discovered upon the inventory search. Therefore, *People v Devone* (*supra*) is irrelevant to this case. As to defendant's contention that impoundment was not authorized, that issue was fully briefed and decided adversely to defendant on the prior appeal (42 AD3d at 676). That determination is the law of the case (*see People v Whitehead*, 152 AD2d 866 [1989]; *People v Talutis*, 42 AD2d 918 [1973]).

Mercure, Spain, Kavanagh and Garry, JJ., concur. Ordered that the judgment is affirmed.