■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v CRISTOBAL PEREZ, Appellant. [931 NYS2d 411]—

After a traffic stop, the defendant was arrested for, inter alia, driving with a suspended license and his car was impounded by the Suffolk County Police Department. While the vehicle was impounded in a secure location at the police station, the police conducted several warrantless searches of it. The defendant moved to suppress evidence seized during those searches on the grounds that the police lacked a warrant and that the searches did not satisfy the requirements for an inventory search. He also moved to suppress his subsequent statements to law enforcement officials as the fruits of the alleged unconstitutional searches. The defendant's motion was denied, after which he entered a plea of guilty. This appeal ensued.

As the People correctly concede on appeal, the evidence was not lawfully seized pursuant to an inventory search (*see People v Galak*, 80 NY2d 715, 718-719 [1993]; *see also People v Gomez*, 13 NY3d 6 [2009]).

"Where the special mobility of automobiles is no longer a factor because the vehicle itself has been seized and impounded by the police, a warrantless search of the vehicle or of a closed container in the passenger compartment made after impoundment of the vehicle has been held justified only when the contents were by their nature sufficiently discernible to be said to be openly visible or some special exigency existed" (*People v Belton*, 55 NY2d 49, 54 [1982]; *see People v Quackenbush*, 88

NY2d 534, 541 [1996]). Here, the police officer's initial entry of the defendant's impounded car to leaf through notebooks located in the back seat was an unjustified unconstitutional search, and the notebooks and any information gleaned therein by the officer must be suppressed. Further, the plain view doctrine does not apply, because the incriminating character of the notebooks was not immediately apparent (*see People v Carbone*, 184 AD2d 648, 650 [1992]; *see also People v Mais*, 71 AD3d 1163, 1166 [2010]).

After the officer searched the notebooks, the police returned with a canine, which signaled that the car contained narcotics. Regardless of whether the police were justified in conducting a canine sniff of the air immediately outside the vehicle (*see People v Devone*, 15 NY3d 106, 113 [2010]), the subsequent warrantless entry of the car by two police officers, during which they pried open a compartment under the rear dashboard speaker and observed what appeared to be United States currency and wrapped bundles, was an unjustified violation of the defendant's constitutional rights. Although a canine sniff indicating the presence of narcotics may be used to establish probable cause for the issuance of a warrant (*see People v Estrella*, 48 AD3d 1283 [2008], *affd* 10 NY3d 945 [2008], *cert denied* 555 US —, 129 S Ct 608 [2008]), or to permit the immediate search of a readily mobile vehicle (*see People v Devone*, 57 AD3d 1240, 1243 [2008], *affd* 15 NY3d 106 [2010]; *People v Gathogo*, 276 AD2d 925, 927 [2000]; *see also Pennsylvania v Labron*, 518 US 938, 940 [1996]), here, the defendant's car was impounded in a secure location and there was "ample time for the law enforcement officials to secure a warrant in order to make this significant intrusion" (*People v Spinelli*, 35 NY2d 77, 81 [1974]). Accordingly, the fruits of this unconstitutional search, including the contents of the compartment, must be suppressed.

The People note that the police obtained a search warrant before removing anything from the vehicle. To the extent the People argue that suppression is not warranted because the evidence would inevitably have been discovered, the doctrine of inevitable discovery may not be used to rehabilitate "primary evidence," such as the evidence sought to be suppressed in this case, the very evidence obtained during an unconstitutional search (*see People v Stith*, 69 NY2d 313, 318 [1987]; *see also People v Lindsey*, 13 AD3d 651, 652 [2004]). Thus, obtaining a warrant to search a vehicle that had already been searched could not cure the violation of the defendant's constitutional rights.

Under the circumstances of this case, the defendant's

subsequent statements to law enforcement officials, made after these unconstitutional searches, must be suppressed as the fruits of the poisonous tree (*see People v Pearson*, 59 AD3d 743, 744 [2009]; *see also Wong Sun v United States*, 371 US 471, 485 [1963]). However, any statements made by the defendant prior to the searches need not be suppressed. Rivera, J.P., Florio, Dickerson and Lott, JJ., concur.