# SUPREME COURT OF THE STATE OF NEW YORK
## *Appellate Division, Fourth Judicial Department*

**678**
**KA 10-01026**
PRESENT: CENTRA, J.P., LINDLEY, SCONIERS, AND DEJOSEPH, JJ.

---

THE PEOPLE OF THE STATE OF NEW YORK, RESPONDENT,

V                                                    MEMORANDUM AND ORDER

FELIPE A. ROMERO, ALSO KNOWN AS JOHN DOE,
DEFENDANT-APPELLANT.

---

WILLIAM G. PIXLEY, ROCHESTER, FOR DEFENDANT-APPELLANT.

FELIPE A. ROMERO, DEFENDANT-APPELLANT PRO SE.

ERIC T. SCHNEIDERMAN, ATTORNEY GENERAL, ALBANY (HANNAH STITH LONG OF
COUNSEL), FOR RESPONDENT.

---

Appeal from a judgment of the Supreme Court, Monroe County (Francis A. Affronti, J.), rendered February 2, 2010. The judgment convicted defendant, upon a jury verdict, of conspiracy in the second degree, criminal possession of a controlled substance in the first degree, criminal possession of a controlled substance in the third degree and attempted criminal sale of a controlled substance in the first degree.

It is hereby ORDERED that the judgment so appealed from is unanimously modified as a matter of discretion in the interest of justice by reducing the sentence of imprisonment imposed for criminal possession of a controlled substance in the first degree, and attempted criminal sale of a controlled substance in the first degree to determinate terms of 10 years, and as modified the judgment is affirmed.

Memorandum: Defendant appeals from a judgment convicting him upon a jury verdict of conspiracy in the second degree (Penal Law § 105.15), criminal possession of a controlled substance in the first degree (§ 220.21 [1]), criminal possession of a controlled substance in the third degree (§ 220.16 [1]), and attempted criminal sale of a controlled substance in the first degree (§§ 110.00, 220.43 [1]). Defendant contends that the People failed to meet their burden of establishing the legality of the police conduct in seizing his vehicle until a search warrant could be obtained (*see generally People v Di Stefano*, 38 NY2d 640, 652). Defendant agrees that the People established that they had reasonable suspicion to stop his vehicle by presenting the testimony of a police officer summarizing the information obtained by the police from eavesdropping warrants. We conclude that the People further established that the reasonable suspicion ripened into probable cause following the alert of a narcotics-sniffing canine (*see People v Devone*, 57 AD3d 1240, 1243, *affd* 15 NY3d 106; *People v Estrella*, 48 AD3d 1283, 1285, *affd* 10

NY3d 945, *cert denied* 555 US 1032).  Contrary to defendant's contention, Supreme Court did not err in relying on hearsay evidence, i.e., the search warrant application containing the police officers' sworn accounts of the canine alert (*see* CPL 710.60 [4]; *People v Edwards*, 95 NY2d 486, 491; *People v Brink*, 31 AD3d 1139, 1140, *lv denied* 7 NY3d 865).

We agree with defendant, however, that the sentence is unduly harsh and severe insofar as the court imposed determinate terms of imprisonment of 16 years for criminal possession of a controlled substance in the first degree and attempted criminal sale of a controlled substance in the first degree, particularly in light of the sentences received by codefendants.  As a matter of discretion in the interest of justice (*see* CPL 470.15 [6] [b]), we therefore modify the judgment by reducing the determinate terms of imprisonment imposed on those counts to 10 years.

Defendant contends in his pro se supplemental brief that the indictment should be dismissed because the People failed to provide a copy of the eavesdropping warrant within 15 days after arraignment (*see* CPL 700.70).  That contention is not preserved for our review (*see People v Highsmith*, 254 AD2d 768, 769, *lv denied* 92 NY2d 983, *reconsideration denied* 92 NY2d 1033; *see also People v Murphy*, 28 AD3d 1096, 1096, *lv denied* 7 NY3d 760) and, in any event, it is without merit.  The record establishes that the court granted the People a 75-day extension of time upon their showing of good cause and the absence of prejudice to defendant (*see* CPL 700.70).  We reject defendant's further contention in his pro se supplemental brief that he received ineffective assistance of counsel.  Viewing the evidence, the law, and the circumstances of the case, in totality and as of the time of the representation, we conclude that defense counsel provided meaningful representation (*see generally People v Baldi*, 54 NY2d 137, 147).  We have considered the remaining contentions raised in defendant's pro se supplemental brief and conclude that they are without merit.

Entered:  August 8, 2014                    Frances E. Cafarell
                                            Clerk of the Court