# SUPREME COURT OF THE STATE OF NEW YORK
## *Appellate Division, Fourth Judicial Department*

**1254**
**KA 14-00505**
PRESENT: CENTRA, J.P., PERADOTTO, LINDLEY, NEMOYER, AND SCUDDER, JJ.

---

THE PEOPLE OF THE STATE OF NEW YORK, RESPONDENT,

V                                                    MEMORANDUM AND ORDER

BENNIE SMITH, DEFENDANT-APPELLANT.

---

FRANK H. HISCOCK LEGAL AID SOCIETY, SYRACUSE (PIOTR BANASIAK OF COUNSEL), FOR DEFENDANT-APPELLANT.

WILLIAM J. FITZPATRICK, DISTRICT ATTORNEY, SYRACUSE (JAMES P. MAXWELL OF COUNSEL), FOR RESPONDENT.

---

Appeal from a judgment of the Onondaga County Court (Thomas J. Miller, J.), rendered January 29, 2014. The judgment convicted defendant, upon his plea of guilty, of criminal possession of a controlled substance in the third degree.

It is hereby ORDERED that the judgment so appealed from is unanimously affirmed.

Memorandum: Defendant appeals from a judgment convicting him upon his plea of guilty of criminal possession of a controlled substance in the third degree (Penal Law § 220.16 [1]). Defendant contends that County Court erred in refusing to suppress evidence and dismiss the indictment because the evidence was obtained pursuant to a search warrant that was based, in part, upon communications intercepted under improperly issued eavesdropping warrants (*see* CPL 700.15), and the People failed to provide copies of the eavesdropping warrants and accompanying applications within 15 days after arraignment (*see* CPL 700.70). Inasmuch as defendant failed to seek suppression of the evidence on those grounds, his contention is not preserved for our review (*see People v Romero*, 120 AD3d 947, 949, *lv denied* 24 NY3d 1004; *People v DePonceau*, 96 AD3d 1345, 1346, *lv denied* 19 NY3d 1025; *People v Espiritusanto*, 4 AD3d 826, 826, *lv denied* 2 NY3d 799). We decline to exercise our power to review his contention as a matter of discretion in the interest of justice (*see* CPL 470.15 [3] [c]).

We reject defendant's further contention that defense counsel was ineffective for failing to seek suppression by challenging the eavesdropping warrants. With respect to challenging the warrants as improperly issued, we conclude that "[t]here can be no denial of effective assistance of trial counsel arising from counsel's failure to 'make a motion . . . that has little or no chance of success' "

(*People v Caban*, 5 NY3d 143, 152). Even assuming, arguendo, that defendant has a colorable claim that the People violated the notice requirements of CPL 700.70, we reject defendant's claim that defense counsel was ineffective for failing to seek suppression of the evidence on that ground inasmuch as defendant made no showing that such failure " 'was not premised on strategy' " (*People v Carver*, 27 NY3d 418, 421).

Finally, we reject defendant's contention that the sentence is unduly harsh and severe.

Entered:  December 23, 2016                                      Frances E. Cafarell
                                                                Clerk of the Court