■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JULIUS HILL, Appellant.—Appeal by the defendant from a judgment of the County Court, Nassau County (Goodman, J.), rendered June 9, 1987, convicting him of criminal possession of a controlled substance in the fourth degree, unlawful possession of marihuana, and the violation of Vehicle and Traffic Law § 306 (b); § 319 (1); and § 401 (1) (a), upon his plea of guilty, and imposing sentence. The appeal brings up for review the denial, after a hearing, of those branches of the defendant's omnibus motion which were to suppress physical evidence and certain statements made by him to law enforcement officials.

Ordered that the judgment is affirmed.

The record supports the hearing court's conclusion that upon observing the defendant's vehicle at approximately 1:00 A.M. in a roadside telephone area noted for its high incidence of criminal activity, the police were justified in approaching the vehicle for the purpose of requesting information (see,

*People v De Bour,* 40 NY2d 210, 223). Moreover, since the police approached the defendant's vehicle pursuant to their lawful right to request information, the observation and subsequent seizure of a lit marihuana cigarette, which had come into plain view from a lawful vantage point, was permissible *(see, Coolidge v New Hampshire,* 403 US 443, 466, *reh denied* 404 US 874; *People v Jackson,* 41 NY2d 146, 149-150). We note that the trooper's use of a flashlight was not an unreasonable intrusion and did not convert a proper observation into an impermissible search *(see, People v Cruz,* 34 NY2d 362, *rearg granted and decision amended* 35 NY2d 708; *People v Baldanza,* 138 AD2d 722, *lv denied* 72 NY2d 856).

Upon observing the marihuana cigarette, the troopers had probable cause to arrest the defendant and conduct a search of his person as incident to his lawful arrest. As a consequence, contraband found on his person was also lawfully obtained. Mangano, J. P., Bracken, Spatt and Balletta, JJ., concur.