THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v DANTE CIRIGLIANO, Appellant. [791 NYS2d 584]—

Appeal by the defendant from a judgment of the County Court, Rockland County (Resnik, J.), rendered May 6, 2003, convicting him of criminal possession of a controlled substance in the second degree and unlawful possession of marijuana, upon a jury verdict, and imposing sentence. The appeal brings up for review the denial, after a hearing, of that branch of the defendant's omnibus motion which was to suppress physical evidence.

Ordered that the judgment is affirmed.

The County Court properly denied the defendant's motion to dismiss the indictment based upon the conduct of the attorney for the codefendant regarding one of the witnesses at the grand jury. While the attorney should not have commented on the witness's testimony or interposed questions to the witness, there was no possibility of prejudice as a result of the attorney's comments or questions, and accordingly, the integrity of the grand jury proceedings was not sufficiently impaired to warrant the dismissal of the indictment (*see People v Adessa,* 89 NY2d 677 [1997]; *People v Di Falco,* 44 NY2d 482, 487 [1978]).

The defendant's contention that the arresting officer had no probable cause to search the car in which he was a passenger is without merit. Given the arresting officer's extensive experience in the detection of both burnt and unburnt marijuana, as well as his testimony that he smelled the odor of marijuana coming from the car, there was probable cause to search the car (*see People v Martin,* 169 AD2d 1006, 1007 [1991]). Accordingly, that branch of the motion was properly denied.

Moreover, there is no merit to the defendant's contention that the County Court should have instructed the jury that a prosecution witness was an accomplice as a matter of law. "If the undisputed evidence establishes that a witness is an accomplice, the jury must be so instructed but, if different inferences may reasonably be drawn from the proof regarding complicity . . . the question should be left to the jury for its determination" (*People v Basch,* 36 NY2d 154 [1975]; *see People v Sweet,* 78 NY2d 263 [1991]; *People v Cody,* 190 AD2d 684 [1993]). It was appropriate for the County Court to instruct the jury to determine whether the prosecution witness was an accomplice, since the evidence in that regard was susceptible of more than one interpretation (*see People v Catter,* 237 AD2d 526 [1997]; *People v Cody, supra* at 685).

The sentence imposed was not excessive (*see People v Suitte,* 90 AD2d 80 [1982]).

The defendant's remaining contention is without merit. Florio, J.P., Adams, S. Miller and Santucci, JJ., concur.