■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v YUSEFF PARRIS, Appellant. [809 NYS2d 176]—

Appeal by the defendant from a judgment of the County Court, Orange County (Berry, J.), rendered June 12, 2002, convicting him of criminal possession of a controlled substance in the second degree, upon his plea of guilty, and imposing sentence. The appeal brings up for review the denial, after a hearing, of those branches of the defendant's omnibus motion which were to suppress physical evidence and the defendant's statement to a law enforcement officer.

Ordered that the judgment is affirmed.

"The factual findings and credibility determinations of a hearing court are accorded great deference on appeal, and will not be disturbed unless clearly unsupported by the record" (*People v Parker*, 306 AD2d 543, 543 [2003]). The record supports the hearing court's finding that a state trooper lawfully stopped the defendant's vehicle after observing it cross onto the shoulder of the highway twice over a short distance (*see* Vehicle and Traffic Law § 1128 [a]; § 1131; *People v Robinson*, 97 NY2d 341, 348-349 [2001]). Upon approaching the defendant's vehicle, the trooper detected the odor of burnt marijuana emanating from it and, upon shining his flashlight into the vehicle while talking to the defendant, the trooper saw what appeared to be marijuana on the floor of the vehicle. Additionally, the defendant admitted that he had smoked marijuana earlier. Under these circumstances, the police had probable cause to search the vehicle (*see People v Cirigliano*, 15 AD3d 672, 673 [2005]; *People v Morgan*, 10 AD3d 369, 370-371 [2004]). We note, in any event, that the trooper's shining his flashlight into the car while talking to the defendant was reasonable and "did not convert a proper observation into an impermissible search" (*People v Hill*, 148 AD2d 546, 547 [1989]; *see People v Major*, 267 AD2d 251 [1999]; *People v Williams*, 205 AD2d 717 [1994]; *People v Smith*, 157 AD2d 870, 871 [1990]).

The hearing court also properly denied that branch of the defendant's omnibus motion which was to suppress his statement to the trooper. The defendant's admission to the trooper that he had smoked marijuana was made before he was in custody, so *Miranda* warnings were not required at that time (*see Miranda v Arizona*, 384 US 436 [1966]). "[A] temporary

roadside detention pursuant to a routine traffic stop is not custodial within the meaning of *Miranda*" (*People v Myers*, 1 AD3d 382, 383 [2003]; *see Pennsylvania v Bruder*, 488 US 9, 11 [1988]; *People v Hasenflue*, 252 AD2d 829, 830 [1998]).

The defendant's contention concerning the inventory search is academic in light of the fact that no evidence was recovered during that search.

The defendant's remaining contention that dismissal of the count charging unlawful possession of marijuana deprived him of the opportunity to use the amount of marijuana found in the vehicle to challenge the trooper's credibility is unpreserved for appellate review and, in any event, without merit. H. Miller, J.P., Crane, Skelos and Dillon, JJ., concur.