■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ERIC BADGER, Appellant. [859 NYS2d 140]—

Judgment, Supreme Court, New York County (James A. Yates, J., at hearing; Edward J. McLaughlin, J., at plea and sentence), rendered October 10, 2006, as amended October 17, 2006, convicting defendant of criminal possession of a controlled substance in the fifth degree, and sentencing him, as a second felony drug offender whose prior conviction was a violent felony, to a term of 3½ years, unanimously affirmed.

The court properly denied defendant's motion to suppress

drugs recovered from his person. An experienced narcotics officer saw defendant engage in what reasonably appeared to be a drug transaction, and then drive away. Acting upon a description of defendant and his vehicle transmitted by radio, a field team stopped defendant's vehicle and apprehended him. The radio communication from the observing officer was, itself, a sufficient basis for a lawful arrest (*see People v Ketcham*, 93 NY2d 416 [1999]; *People v Brown*, 304 AD2d 321 [2003], *lv denied* 100 NY2d 536 [2003]). In addition, one of the apprehending officers detected the distinctive odor of marijuana emanating from the vehicle (*see People v Reisman*, 29 NY2d 278, 284 [1971], *cert denied* 405 US 1041 [1972]), and this independently established probable cause to search the automobile and its occupants (*see People v Chestnut*, 43 AD2d 260 [1974], *affd* 36 NY2d 971 [1975]). The hearing court properly credited an officer's testimony that he recognized the smell of marijuana.

We perceive no basis for reducing the sentence. Concur— Andrias, J.P., Gonzalez, Moskowitz and DeGrasse, JJ.