■ THE PEOPLE OF THE STATE OF NEW YORK, Appellant, v HAROLD E. GAINES, Respondent. [869 NYS2d 646]—

Cardona, P.J.

At issue on this appeal is whether evidence seized from defendant's car was obtained pursuant to a lawful search. County Court granted defendant's motion to suppress the evidence, finding no probable cause to search the vehicle. We do not agree. We therefore reverse the court's order and deny defendant's motion to suppress.

At the suppression hearing, police officer Justin Ashe testified, in relevant part, as follows. At approximately 11:00 P.M. on June 2, 2007, he stopped defendant's car after observing defendant commit several traffic violations. Approaching the car, Ashe, who had training and experience in drug detection, smelled a strong odor of marihuana coming from the vehicle. Based on the odor, defendant's "glossy" eyes and his driving, Ashe asked defendant to exit the vehicle. Returning to the driver's door of defendant's car, Ashe again smelled the strong odor of marihuana. According to Ashe, he looked into the car and saw an open duffle bag on the passenger seat. Protruding from the duffle bag was a plastic bag containing several smaller plastic bags full of a green leafy substance that looked and smelled like marihuana. Ashe reached into the duffle bag where he discovered a 9 millimeter assault rifle and 40 extra rounds of ammunition. He placed defendant under arrest, then returned to the police station where he wrote out a narrative of the episode and drew up the accusatory instrument.

At the conclusion of the hearing, County Court found that the People did not meet their burden of establishing that the search was lawful. In that regard, the court did not credit Ashe's testimony as to the location of the duffle bag, among other things, based upon contradictions within his testimony, as well as discrepancies between his testimony and the paperwork that he completed following the incident.

While deferring to these credibility determinations (see *People v Willette*, 42 AD3d 674, 675 [2007], *lv denied* 9 NY3d 883 [2007]; *People v Reid*, 2 AD3d 1061, 1062 [2003], *lv denied* 3 NY3d 646 [2004]), we base our decision that the search was lawful on County Court explicitly crediting Ashe's testimony indicating that he smelled the strong odor of marihuana prior to the search. The "odor of marihuana" emanating from a vehicle, when detected by an officer "qualified by training and experience" to recognize it, is sufficient to constitute probable cause to search the vehicle (*People v Chestnut*, 43 AD2d 260, 261 [1974], *affd* 36 NY2d 971, 973 [1975]; *see People v Badger*, 52 AD3d 231, 232 [2008], *lv denied* 10 NY3d 955 [2008]; *People v Pierre*, 8 AD3d 904, 905 [2004], *lv denied* 3 NY3d 710 [2004]; *People v Martin*, 169 AD2d 1006, 1007 [1991]). Here, given Ashe's training and experience, we find that his detection of the odor of marihuana gave him probable cause to search defendant's car. Accordingly, we conclude that the evidence was seized pursuant to a lawful search.

Mercure, Lahtinen, Kane and Kavanagh, JJ., concur. Ordered that the order is reversed, on the law, motion to suppress denied,

and matter remitted to the County Court of Rensselaer County for further proceedings not inconsistent with this Court's decision.