■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v BRIAN SHAW, Appellant. [885 NYS2d 858]—

Appeal from a judgment of the Onondaga County Court (Joseph E. Fahey, J.), rendered April 3, 2006. The judgment convicted defendant, upon a jury verdict, of manslaughter in the first degree and endangering the welfare of a child.

It is hereby ordered that the judgment so appealed from is unanimously affirmed.

Memorandum: Defendant appeals from a judgment convicting him upon a jury verdict of manslaughter in the first degree (Penal Law § 125.20 [2]) and endangering the welfare of a child (Penal Law § 260.10 [1]). Contrary to the contention of defendant, his confession was not rendered involuntary by undue "psychological pressure," and County Court thus properly refused to suppress the confession. In support of his contention, defendant relies primarily on his own testimony at the *Huntley* hearing. The court's determination to discredit that testimony is entitled to deference (*see People v Prochilo*, 41 NY2d 759, 761 [1977]), and we see no basis to disturb it (*see People v Thompson*,

59 AD3d 1115, 1116 [2009], *lv denied* 12 NY3d 860 [2009]). We reject defendant's further contention that certain inconsistencies in the testimony of the police witnesses at the suppression hearing demonstrate that such testimony was "tailored to meet constitutional objections" and thus that the court erred in crediting that testimony. In any event, we conclude that those minor inconsistences do not undermine the court's credibility determination in favor of those witnesses (*see generally People v Childres*, 60 AD3d 1278, 1279 [2009]). We also reject the contention of defendant that he was advised of his *Miranda* rights in a manner that did not enable him to understand those rights. Upon our review of the transcript of the suppression hearing, we conclude that "[t]he People met 'their initial burden of establishing the legality of the police conduct and defendant's waiver of rights,' and defendant failed to establish that he did not waive those rights, or that the waiver was not knowing, voluntary and intelligent" (*People v Grady*, 6 AD3d 1149, 1150 [2004], *lv denied* 3 NY3d 641 [2004]; *see People v Caballero*, 23 AD3d 1031, 1032 [2005], *lv denied* 6 NY3d 846).

Contrary to the further contention of defendant, the court properly denied his request to dismiss a sworn juror as "grossly unqualified to serve in the case" (CPL 270.35 [1]). Although the juror initially expressed some concern over the defense of extreme emotional disturbance, he ultimately assured the court in unequivocal terms that he would be fair and impartial and would follow the court's instructions (*see generally People v Buford*, 69 NY2d 290, 297-299 [1987]; *People v Buchholz*, 23 AD3d 1093, 1094 [2005], *lv denied* 6 NY3d 846). Defendant failed to preserve for our review the majority of his contentions concerning the alleged instances of prosecutorial misconduct (*see* CPL 470.05 [2]), and we conclude that, in any event, "[a]ny improprieties were not so pervasive or egregious as to deprive defendant of a fair trial" (*People v Cox*, 21 AD3d 1361, 1364 [2005], *lv denied* 6 NY3d 753 [2005] [internal quotation marks omitted]). We have considered defendant's remaining contention and conclude that it is without merit. Present—Scudder, P.J., Hurlbutt, Martoche, Smith and Centra, JJ.