Judgment, Supreme Court, New York County (Maxwell Wiley, J., at suppression hearing; Ruth Pickholz, J., at plea and sentence), rendered May 28, 2008, convicting defendant of criminal possession of a weapon in the second degree, and sentencing him, as a second violent felony offender, to a term of seven years, unanimously affirmed.
The court properly denied defendant’s suppression motion. There is no basis for disturbing the court’s credibility determinations, which are supported by the record (see People v Prochilo, 41 NY2d 759, 761 [1977]). After observing the driver commit a traffic infraction, the police lawfully stopped the vehicle in which defendant was riding and lawfully ordered the occupants out of the car. Furthermore, the officers smelled marijuana, which gave them probable cause to search the car and its occupants (see People v Badger, 52 AD3d 231 [2008], lv denied 10 NY3d 955 [2008]). Regardless of whether the police had probable cause to arrest defendant at that point, they were justified in attempting to handcuff him when he resisted their efforts by trying to get back into the car and struggling with the officers (see People v Youmans, 228 AD2d 345 [1996]). During the struggle, defendant discarded a firearm, and this action was not the product of any unlawful police conduct. Concur— Gonzalez, P.J., Friedman, Moskowitz, Renwick and DeGrasse, JJ.