■ The People of the State of New York, Respondent, v Rondelle K. Moore, Appellant. [893 NYS2d 798]—Appeal from a judgment of the Steuben County Court (Marianne Furfure, J.), rendered April 14, 2008. The judgment convicted defendant, upon her plea of guilty, of attempted criminal possession of a controlled substance in the third degree.

It is hereby ordered that the judgment so appealed from is unanimously affirmed. Present—Scudder, P.J., Smith, Fahey and Lindley, JJ.

■ The People of the State of New York, Respondent, v Jorge L. Cosme, Appellant. [893 NYS2d 791]—

Appeal from a judgment of the Monroe County Court (Patricia D. Marks, J.), rendered September 25, 2006. The judgment convicted defendant, upon his plea of guilty, of criminal possession of a controlled substance in the first degree and criminal possession of a controlled substance in the third degree (three counts).

It is hereby ordered that the judgment so appealed from is unanimously affirmed.

Memorandum: On appeal from a judgment convicting him upon his plea of guilty of criminal possession of a controlled substance in the first degree (Penal Law § 220.21 [1]) and three counts of criminal possession of a controlled substance in the third degree (§ 220.16 [1], [12]), defendant contends that County Court erred in refusing to suppress evidence seized as the result of the allegedly illegal stop of his vehicle. We reject that contention. "The officer['s] observation that defendant was not wearing a seatbelt was a sufficient reason to stop the vehicle" driven by defendant (*People v Taylor*, 57 AD3d 1504, 1505 [2008], *lv denied* 12 NY3d 788 [2009]). Once the vehicle was stopped, the officer detected the odor of marihuana and thus had probable cause to search the vehicle (*see People v Cirigliano*, 15 AD3d 672 [2005], *lv denied* 5 NY3d 760, 827 [2005]). Present—Scudder, P.J., Smith, Fahey and Lindley, JJ.