THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ANTHONY TANDLE, Appellant. [898 NYS2d 597]—

Appeal by the defendant from a judgment of the County Court, Orange County (Freehill, J.), rendered March 21, 2008, convicting him of criminal possession of a controlled substance in the first degree, upon his plea of guilty, and imposing sentence. The appeal brings up for review the denial, after a

hearing, of that branch of the defendant's omnibus motion which was to suppress physical evidence and his statements to law enforcement officials.

Ordered that the judgment is affirmed.

On duty at approximately 11:05 P.M. on August 1, 2007, two New York State Troopers were traveling westbound on State Route 17 in Orange County in a marked troop car when they observed a green Lincoln Town Car traveling in the "slow lane" cross the "fog line" more than two times with its right side tires, causing half of the car to cross onto the shoulder. After crossing the "fog line," the car would then drift back toward its lane. This driving behavior occurred for approximately one half of one mile.

The Troopers pulled the car over, noticed the odor of an alcoholic beverage coming from the car, and asked the driver, the defendant, to exit the car and walk to the front of the troop car. One of the Troopers, Trooper Cirigliano, noticed that the defendant stumbled several times while walking. Trooper Cirigliano conversed with the defendant and, during the conversation, the defendant failed to make eye contact, stuttered his words, had glassy eyes, impaired speech, and was uneasy on his feet. Trooper Cirigliano said that the defendant had to be instructed to come back toward the shoulder portion of the roadway at least twice, as he was stumbling toward the roadway. Thereafter, the defendant stated that he had ingested 1½ grams of cocaine earlier.

Believing that the defendant was impaired, Trooper Cirigliano then spoke with the two passengers and determined that neither had a valid driver's license. Since there was no valid driver, Trooper Cirigliano requested the next available tow and began to conduct an inventory of the car.

While conducting the inventory of the car, the Trooper found white pills, which he believed were a controlled substance. While searching the trunk, Trooper Cirigliano noticed a large box containing a digital scale and a large plastic bag containing children's clothing. As he searched through the children's clothing, Trooper Cirigliano found a package containing a white chunky substance. Based on his experience, he believed the substance was crack or crack cocaine.

After being advised of his rights pursuant to *Miranda v Arizona* (384 US 436 [1966]), the defendant stated that the package contained "drugs." The substance contained in the package tested positive for cocaine and weighed approximately 299 grams.

The defendant was indicted for, inter alia, criminal possession

of a controlled substance in the first degree. After a suppression hearing, the County Court denied that branch of the defendant's omnibus motion which was to suppress the physical evidence and his statements. Subsequently, the defendant pleaded guilty to criminal possession of a controlled substance in the first degree. He now appeals.

The credibility determinations of a hearing court are accorded great deference on appeal, and will not be disturbed unless clearly unsupported by the record (*see People v Martinez*, 58 AD3d 870, 870 [2009]; *People v Jackson*, 65 AD3d 1164, 1165; *People v Rivera*, 59 AD3d 467 [2009]). The record supports the hearing court's finding that the Troopers lawfully stopped the defendant's car (*see* Vehicle and Traffic Law § 1128 [a]; § 1131; *People v Parris*, 26 AD3d 393 [2006]). The defendant's statement to the Trooper that he had ingested cocaine earlier was made during a temporary roadside detention pursuant to a routine traffic stop. Thus, the hearing court properly denied that branch of the defendant's omnibus motion which was to suppress the statement (*see People v Parris*, 26 AD3d at 394-395; *People v Myers*, 1 AD3d 382, 383 [2003]; *see also People v Mathis*, 136 AD2d 746, 747 [1988]). The hearing court also properly denied that branch of the defendant's omnibus motion which was to suppress his subsequent statements which were made following *Miranda* warnings. Since his prior statement that he had ingested cocaine was not improperly elicited in violation of his *Miranda* rights, this statement could not have tainted his statements made subsequent to the *Miranda* warnings (*see People v Howard*, 285 AD2d 560, 561 [2001]; *cf. People v Paulman*, 5 NY3d 122 [2005]; *People v Chapple*, 38 NY2d 112 [1975]).

Contrary to the defendant's contention, the inventory search was proper under the facts here (*see People v Galak*, 80 NY2d 715 [1993]; *People v Johnson*, 1 NY3d 252 [2003]; *People v Banton*, 28 AD3d 571 [2006]; *People v Cochran*, 22 AD3d 677 [2005]; *People v Salazar*, 225 AD2d 804 [1996]). The search which resulted in the discovery of the cocaine also was proper (*see People v Blasich*, 73 NY2d 673, 678 [1989]; *see also People v Belton*, 55 NY2d 49, 53-55 [1982]).

The sentence imposed was not excessive (*see People v Suitte*, 90 AD2d 80 [1982]). Covello, J.P., Miller, Chambers and Lott, JJ., concur.