■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v SEAN GEORGE, Appellant. [910 NYS2d 508]—

Appeal by the defendant from a judgment of the County Court, Orange County (Freehill, J.), rendered October 29, 2007, convicting him of criminal possession of a controlled substance in the third degree and criminal possession of marijuana in the third degree, upon his plea of guilty, and imposing sentence. The appeal brings up for review the denial, after a hearing, of those branches of the defendant's omnibus motion which were to suppress physical evidence and his statements to law enforcement officials.

Ordered that the judgment is affirmed.

The credibility determinations of a hearing court are accorded deference on appeal, and will not be disturbed unless clearly unsupported by the record (*see People v Tandle*, 71 AD3d 1176 [2010]; *People v Rivera*, 59 AD3d 467 [2009]). Here, the record supports the hearing court's determination that probable cause existed for the warrantless search of the defendant's vehicle,

based on the arresting officer's detection of the odor of burnt marijuana emanating from the defendant's vehicle, and the defendant's admission that he had earlier smoked marijuana (*see People v Parris*, 26 AD3d 393 [2006]; *People v Cirigliano*, 15 AD3d 672 [2005]; *People v Figueroa*, 6 AD3d 720 [2004]; *People v Chestnut*, 43 AD2d 260 [1974], *affd* 36 NY2d 971 [1975]). Accordingly, that branch of the defendant's omnibus motion which was to suppress physical evidence recovered during the vehicle search was properly denied (*see People v Cirigliano*, 15 AD3d 672 [2005]; *People v Fleury*, 8 AD3d 585 [2004]). Further, because the search of the defendant's vehicle and his arrest were lawful, the defendant's subsequent statements to the police were not, contrary to the defendant's contention, subject to suppression as stemming from an unlawful search and arrest (*see People v Mais*, 71 AD3d 1163 [2010]; *People v Fleury*, 8 AD3d 585 [2004]; *see generally Wong Sun v United States*, 371 US 471 [1963]).

The defendant's additional contention that his plea of guilty was coerced is unpreserved for appellate review because the defendant never moved to withdraw his plea (*see People v Perry*, 60 AD3d 974 [2009]; *People v Velazquez*, 21 AD3d 388 [2005]). In any event, the contention is without merit (*see People v Perry*, 60 AD3d 974 [2009]). Skelos, J.P., Balkin, Chambers and Austin, JJ., concur.