■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v J. VENTURA-ALMONTE, Appellant. [911 NYS2d 53]—

Judgment, Supreme Court, New York County (Herbert J. Adlerberg, J.H.O., at suppression hearing; Maxwell Wiley, J., at suppression motion, plea and sentence), rendered November 18,

2009, convicting defendant of criminal possession of marijuana in the second degree, and sentencing him to a term of five years probation, unanimously affirmed.

The court properly denied defendant's suppression motion. The hearing evidence established that the officer's decision to search defendant's car during a lawful traffic stop was based, at least in part, on the smell of marijuana emanating from the car. That factor, standing alone, was sufficient to provide probable cause for the search (*see e.g. People v Badger*, 52 AD3d 231 [2008], *lv denied* 10 NY3d 955 [2008]).

We reject defendant's contention that, because of the alleged insufficiency of the People's response to his suppression motion, he was entitled to have the motion granted summarily. In opposing defendant's motion to suppress the marijuana recovered from his car, the People "submitt[ed] that such evidence was lawfully obtained and den[ied] all allegations to the contrary." This was sufficient to meet their burden of "refus[ing] to concede the truth of facts alleged by defendant" (*People v Weaver*, 49 NY2d 1012, 1013 [1980]), and the court properly ordered a hearing. Concur—Tom, J.P., Andrias, Nardelli, Acosta and DeGrasse, JJ.