Appeal by the defendant from a judgment of the County Court, Westchester County (Warhit, J), rendered July 12, 2011, convicting him of criminal possession of a weapon in the second degree, possession of an alcoholic beverage in a motor vehicle, *591 failing to give the appropriate turn signal, and operating a motor vehicle with side windows composed of or covered by material with light transmittance of less than 70%, upon a jury verdict, and imposing sentence. The appeal brings up for review an order of the same court entered November 16, 2010, which, after a hearing, denied that branch of the defendant’s omnibus motion which was to suppress physical evidence.
Ordered that the judgment is modified, on the law, by vacating the conviction of criminal possession of a weapon in the second degree, vacating the sentence imposed thereon, and dismissing that count of the indictment; as so modified, the judgment is affirmed, that branch of the defendant’s omnibus motion which was to suppress physical evidence is granted, and the order entered November 16, 2010, is modified accordingly.
At the suppression hearing, a police officer testified that while on patrol on the evening of December 12, 2009, he observed the defendant driving a vehicle with dark tinted windows and failing to signal when turning right. Upon stopping the defendant, the police officer went to the driver’s side of the defendant’s vehicle, requested his license and registration (hereinafter the documents), looked into the car, and saw an open beer bottle, but did not smell any odor of marijuana or see any smoke emanating from the car. The officer waited by the car until the defendant produced the documents, but did not smell any marijuana odor. While standing by the car, the officer briefly looked at the documents, then returned to his patrol car to verify the documents. After determining that the documents were in order, the officer returned to the defendant’s vehicle, and advised the defendant that he would be conducting a field sobriety test. However, this test was never conducted.
The officer further testified that, as the defendant exited the vehicle, “I had a strong odor of marijuana coming off his person . . . [and] he continued walking to the passenger rear side where ... he spit towards a bush.” After directing the defendant to open his mouth, the officer “observed what appeared to be marijuana pieces inside the cracks of [the defendant’s] teeth.” At this point the officer’s partner arrived, the defendant was handcuffed and placed in the back of the police vehicle, and the two officers spent “a good 10 to 15 minutes” searching the bush area “to locate what [the defendant] had spit into the bush.” No marijuana was discovered in the bushes or on the defendant’s person. The officer further admitted that even though the defendant had been placed in handcuffs, he was “probably not” going to arrest the defendant “because I did not have other evidence for the marijuana. I couldn’t find the marijuana.” *592 Nevertheless, the officer then did an inventory search of the defendant’s car. The officer described this search as follows: “I searched under the seat, glove box, nothing of any illegal nature. And then I went to the armrest, the center console where I located a green bag which I had opened up and found another pill bottle . . . While I was doing that, the bottom of the interior portion of the center console was extremely loose. I removed the contents. I lifted up the base of the interior where I observed that bandana with the red markings ... I removed the bandana, placed it on to the seat, I unfolded it and I observed that there was a semiautomatic handgun [which had been wrapped in the bandana].” The officer stated that he discovered the gun at approximately 9:40 p.m., or 40 minutes after the initial stop of the defendant’s vehicle. The County Court denied that branch of the defendant’s omnibus motion which was to suppress physical evidence.
A vehicle may be searched without a warrant pursuant to the “automobile exception” if law enforcement officials have probable cause to believe that the vehicle “contains contraband, evidence of [a] crime, a weapon or some means of escape” (People v Blasich, 73 NY2d 673, 678 [1989]; see People v Galak, 81 NY2d 463, 467 [1993]; People v Henderson, 57 AD3d 562, 564 [2008]; People v Martin, 28 AD3d 583, 584 [2006]). Nevertheless, “[a] police officer’s entry into a citizen’s vehicle and his inspection of personal effects therein are significant invasions of privacy and such intrusions must be justified in their inception and be reasonably related in scope and intensity to the circumstances which rendered their initiation permissible” (People v Guzman, 153 AD2d 320, 322 [1990]; see People v Woods, 189 AD2d 838, 841 [1993]). Here there was no probable cause for the officer to search the defendant’s vehicle. Although the officer testified that he detected the odor of marijuana emanating from the defendant’s person after he exited his vehicle, the officer also stated that he neither smelled any such odor coming from inside the vehicle nor saw any smoke at any time (cf. People v Horge, 80 AD3d 1074 [2011]). Morever, the officer saw only what “appeared to be marijuana” in the defendant’s mouth, and neither he nor his partner discovered any marijuana on the ground outside the vehicle despite a 10-15 minute search therefor. Nor did they retrieve any marijuana from the defendant’s mouth. In fact, the officers never even sought to recover the alleged green substance which was observed in the defendant’s mouth. Furthermore, the officer admitted that he searched the car despite the fact that, at that time, he had not discovered any “evidence for the marijuana.”
Such circumstances did not provide a reasonable basis for the *593 search of the defendant’s car (see People v Romeo, 15 AD3d 420 [2005]; see also People v Torres, 74 NY2d 224 [1989]; People v Bryant, 245 AD2d 1010 [1997]). In addition, contrary to the conclusion of the County Court, since the gun was the “primary evidence” found during this search, it was not subject to admission under the doctrine of “inevitable discovery” (People v Stith, 69 NY2d 313, 318 [1987]; see People v Mais, 71 AD3d 1163, 1165 [2010]). Thus, that branch of the defendant’s omnibus motion which was to suppress physical evidence should have been granted.
The defendant’s remaining contentions need not be reached in light of our determination. Rivera, J.P., Belen, Sgroi and Miller, JJ., concur.