Appeal by the defendant from a judgment of the Supreme Court, Queens County (Aloise, J.), rendered June 16, 2011, convicting him of criminal possession of a weapon in the second degree, upon his plea of guilty, and imposing sentence. The appeal brings up for review the denial, after a hearing, of those branches of the defendant’s omnibus motion which were to suppress physical evidence and his statements to law enforcement officials.
Ordered that the judgment is affirmed.
The credibility determinations of a hearing court are accorded great deference on appeal, and will not be disturbed unless clearly unsupported by the record (see People v Prochilo, 41 NY2d 759, 761 [1977]; People v Wilson, 96 AD3d 980, 981 [2012]; People v Marinus, 90 AD3d 677, 678 [2011]). Here, the record supports the Supreme Court’s determination to credit the testimony of the arresting officer that he approached the defendant’s vehicle, which was parked on the street near a large dance club, because he observed the front seat passenger drinking from a bottle which he believed to contain alcohol. Contrary to the defendant’s contention, the testimony of the arresting officer was not incredible, patently tailored to nullify constitutional objections, or otherwise unworthy of belief (see People v Johnson, 83 AD3d 733, 734 [2011]; People v Cobb, 71 AD3d 781, 782 [2010]; People v Glenn, 53 AD3d 622, 623 [2008]).
The Supreme Court also properly found, upon crediting the arresting officer’s testimony, that once the front seat passenger opened his door, enabling the officer to detect the odor of marijuana and observe two plastic bags of marijuana in the center console, he had probable cause to arrest the defendant and search his car (see People v Carter, 60 AD3d 1103, 1105 [2009]; People v Parris, 26 AD3d 393, 394 [2006]; People v Cruz, 7 AD3d 335, 337 [2004]; see also People v George, 78 AD3d 728, 729 [2010]; People v Cirigliano, 15 AD3d 672, 673 [2005]). Since *921 the defendant’s arrest was proper, his subsequent statements to the police cannot be deemed the fruit of the poisonous tree subject to the exclusionary rule (see People v McClendon, 92 AD3d 959, 960 [2012]; People v Day, 8 AD3d 495, 496 [2004]). Accordingly, the Supreme Court properly denied those branches of the defendant’s omnibus motion which were to suppress physical evidence and his statements to law enforcement officials. Mastro, J.E, Skelos, Florio and Dickerson, JJ., concur.