Judgment, Supreme Court, Bronx County (Cassandra Mullen, J., at hearing; Dominick Massaro, J., at jury trial and sentencing), rendered October 6, 2010, convicting defendant of criminal possession of a weapon in the second degree, resisting arrest and unlawful possession of marijuana, and sentencing him to an aggregate term of 3V2 years and a $25 fine, unanimously affirmed. The matter is remitted to Supreme Court, Bronx County, for further proceedings pursuant to CPL 460.50 (5).
The court properly denied defendant’s suppression motion in all respects. There is no basis for disturbing the court’s credibility determinations. Initially, we note that there is no merit to defendant’s suggestion that he is entitled to suppression of a loaded pistol simply because some portions of the oral decision that the court rendered immediately after the hearing may have been inartfully worded.
Defendant did not preserve the challenge to the initial stop. Moreover, the police lawfully stopped the car defendant was driving after they observed that its windows appeared to be excessively tinted, in violation of the Vehicle and Traffic Law. When the police asked defendant to roll down the windows, they detected an odor of marijuana. This was sufficient, by itself, *422 to provide probable cause to arrest defendant and search the car (see e.g. People v Smith, 66 AD3d 514 [1st Dept 2009], lv denied 13 NY3d 942 [2010]).
The People met their burden of establishing that defendant’s statements were made voluntarily (see People v Witherspoon, 66 NY2d 973, 973-974 [1985]; People v Ferro, 63 NY2d 316, 322 [1984]; People v Curry, 287 AD2d 252, 253 [2001]). When defendant denied knowledge of the pistol recovered from the glove compartment of the car he was driving, there was nothing coercive about advising defendant that the police would need to speak to his grandmother, who was the registered owner of the car. This was the next logical investigatory step. The record fails to support defendant’s assertion that, viewed in context, this was a threat to arrest defendant’s grandmother if defendant refused to admit possession of the weapon. We have considered and rejected defendant’s remaining arguments concerning the admissibility of his statements. Concur—Friedman, J.P, DeGrasse, Richter, Abdus-Salaam and Feinman, JJ.