■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v TERRANCE WASHINGTON, Appellant. [970 NYS2d 36]—

Appeal by the defendant from a judgment of the County Court, Westchester County (Cacace, J.), rendered April 22, 2009, convicting him of criminal sale of a controlled substance in the third degree, criminal possession of a controlled substance in the third degree, criminal possession of a controlled substance in the fifth degree, and criminal possession of a controlled

substance in the seventh degree, upon a jury verdict, and imposing sentence. The appeal brings up for review the denial, after a hearing, of that branch of the defendant's omnibus motion which was to suppress physical evidence.

Ordered that the judgment is affirmed.

"The credibility determinations of a hearing court are accorded great deference on appeal, and will not be disturbed unless clearly unsupported by the record" (*People v Condon*, 100 AD3d 920, 920 [2012]; *see People v Prochilo*, 41 NY2d 759, 761 [1977]; *People v Francis*, 44 AD3d 788, 789 [2007]). Here, the record supports the hearing court's determination to credit the testimony of the detective who directed the arrest of the defendant that, from a concealed position, he observed the defendant sell a quantity of crack cocaine inside the defendant's illuminated vehicle at night, during a police surveillance investigation. Contrary to the defendant's contention, the detective's testimony was not incredible, patently tailored to overcome constitutional objections, or otherwise unworthy of belief (*see People v Condon*, 100 AD3d at 920; *People v Johnson*, 83 AD3d 733, 734 [2011]; *People v Cobb*, 71 AD3d 781, 782 [2010]; *People v Glenn*, 53 AD3d 622, 623 [2008]).

The defendant argues that certain physical evidence found by the surveillance detective inside the defendant's car was the illegal fruit of the warrantless search of the car performed incident to his arrest and, thus, should have been suppressed pursuant to the holding of *Arizona v Gant* (556 US 332 [2009]). Since the defendant did not raise this claim before the suppression court, it is unpreserved for appellate review (*see* CPL 470.05 [2]; *People v Gray*, 86 NY2d 10, 19 [1995]). In any event, the argument is without merit, as the search of the subject car incident to the defendant's arrest was lawful under the United States Constitution, since the credible evidence adduced at the suppression hearing established that it was reasonable for the police to believe the vehicle contained evidence of "the offense of arrest" (*Arizona v Gant*, 556 US at 343-344; *see Davis v United States*, 564 US —, —, 131 S Ct 2419, 2425 [2011]). Moreover, the warrantless search of the defendant's vehicle was permissible under the New York Constitution, since the hearing court properly found, upon crediting the detective's testimony, that the police had probable cause to believe the vehicle contained contraband or evidence of a crime, pursuant to the state's automobile exception to the warrant requirement (*see People v Green*, 100 AD3d 654, 656 [2012]; *People v McPherson*, 89 AD3d 752, 758 [2011]).

The defendant's challenge to the legal sufficiency of the evi-

dence is also unpreserved for appellate review (*see* CPL 470.05 [2]; *People v Gray*, 86 NY2d at 19). In any event, viewing the evidence in the light most favorable to the prosecution, we find that his convictions of criminal sale of a controlled substance in the third degree, and criminal possession of a controlled substance in the third, fifth, and seventh degrees, were supported by legally sufficient evidence (*see People v Contes*, 60 NY2d 620, 621 [1983]). Moreover, in fulfilling our responsibility to conduct an independent review of the weight of the evidence (*see* CPL 470.15 [5]; *People v Danielson*, 9 NY3d 342 [2007]), we nevertheless accord great deference to the jury's opportunity to view the witnesses, hear the testimony, and observe demeanor (*see People v Mateo*, 2 NY3d 383, 410 [2004], *cert denied* 542 US 946 [2004]; *People v Bleakley*, 69 NY2d 490, 495 [1987]). Upon reviewing the record here, we are satisfied that the verdict of guilt was not against the weight of the evidence (*see People v Romero*, 7 NY3d 633 [2006]).

Contrary to the defendant's contention, the record as a whole demonstrates that he received effective assistance of counsel under both federal and state constitutional standards (*see Strickland v Washington*, 466 US 668 [1984]; *People v Benevento*, 91 NY2d 708, 712 [1998]; *People v Baldi*, 54 NY2d 137, 147 [1981]). Angiolillo, J.P., Hall, Roman and Hinds-Radix, JJ., concur.