# SUPREME COURT OF THE STATE OF NEW YORK
## *Appellate Division, Fourth Judicial Department*

983

KA 09-00497

PRESENT: CENTRA, J.P., PERADOTTO, CARNI, AND LINDLEY, JJ.

---

THE PEOPLE OF THE STATE OF NEW YORK, RESPONDENT,

V                                     MEMORANDUM AND ORDER

VICTOR CUFFIE, DEFENDANT-APPELLANT.

---

PETER J. GLENNON, ROCHESTER, FOR DEFENDANT-APPELLANT.

SANDRA DOORLEY, DISTRICT ATTORNEY, ROCHESTER (MATTHEW DUNHAM OF COUNSEL), FOR RESPONDENT.

---

Appeal from a judgment of the Monroe County Court (Frank P. Geraci, Jr., J.), rendered January 7, 2009. The judgment convicted defendant, upon his plea of guilty, of criminal possession of a weapon in the second degree.

It is hereby ORDERED that the judgment so appealed from is unanimously affirmed.

Memorandum: Defendant appeals from a judgment convicting him upon his plea of guilty of criminal possession of a weapon in the second degree (Penal Law § 265.03 [3]). The conviction arose out of a traffic stop of a vehicle in which defendant was a passenger. Defendant contends that County Court erred in refusing to suppress the firearm that he was charged with possessing. Specifically, defendant contends that the testimony of the People's witnesses at the suppression hearing was contradictory and that the People failed to satisfy their initial burden of establishing the legality of the police conduct. We reject defendant's contentions. As defendant correctly concedes, the police were justified in stopping the vehicle based upon the driver's failure to signal his intention to turn for the requisite distance before the intersection (*see* Vehicle and Traffic Law § 1163 [b]; *see generally People v Horge*, 80 AD3d 1074, 1074; *People v Smith*, 66 AD3d 514, 514, *lv denied* 13 NY3d 942). Although defendant contends that the stop was pretextual, we reject that contention inasmuch as "a traffic stop is lawful where, as here, 'a police officer has probable cause to believe that the driver of an automobile has committed a traffic violation, . . . [regardless of] the primary motivation of the officer' " (*People v Binion*, 100 AD3d 1514, 1515, *lv denied* 21 NY3d 911, quoting *People v Robinson*, 97 NY2d 341, 349).

Additionally, we conclude that the police had probable cause to search the vehicle. Two police officers testified at the suppression

hearing that, after the vehicle was stopped, they approached it from opposite sides and detected the odor of marihuana emanating from inside the vehicle through the open front windows. Both officers further testified that they had been trained in the detection of marihuana and had detected the odor of marihuana on numerous occasions prior to the traffic stop at issue. Contrary to the contention of defendant, it is well established that "[t]he odor of marihuana emanating from a vehicle, when detected by an officer qualified by training and experience to recognize it, is sufficient to constitute probable cause" to search a vehicle and its occupants (*People v Gaines*, 57 AD3d 1120, 1121 [internal quotation marks omitted]; *see People v Chestnut*, 43 AD2d 260, 261, *affd* 36 NY2d 971; *People v Robinson*, 103 AD3d 421, 421-422, *lv denied* 20 NY3d 1103; *People v Cosme*, 70 AD3d 1364, 1364, *lv denied* 14 NY3d 886; *People v Lightner*, 56 AD3d 1274, 1274, *lv dismissed* 12 NY3d 760, 763; *People v Badger*, 52 AD3d 231, 232, *lv denied* 10 NY3d 955). Further, the driver admitted that someone may have smoked marihuana in the vehicle prior to the stop (*see People v George*, 78 AD3d 728, 728-729, *lv denied* 16 NY3d 859), and the police witnesses testified that the vehicle continued to smell of marihuana even after the occupants were removed from the vehicle (*cf. People v Smith*, 98 AD3d 590, 592). Notably, the subsequent search of the vehicle yielded 16 bags of marihuana under the rear passenger's seat.

With respect to the alleged contradictions in the officers' testimony, we conclude that such contradictions are minor or immaterial to the lawfulness of the police conduct, and thus provide no basis to disturb the court's credibility determinations (*see People v Shaw*, 66 AD3d 1417, 1418, *lv denied* 14 NY3d 773). In particular, whether the police removed the driver from the vehicle before or after they ran his license and registration is irrelevant inasmuch as the police had probable cause to remove the occupants from the vehicle and search the vehicle immediately upon detecting the odor of marihuana (*see Robinson*, 103 AD3d at 421-422; *Cosme*, 70 AD3d at 1364; *Badger*, 52 AD3d at 232; *see also Gaines*, 57 AD3d at 1121). Thus, "[a]ccording appropriate deference to [the court's] assessment of witness credibility" (*Horge*, 80 AD3d at 1074), we conclude that the police lawfully searched the vehicle and that the court therefore properly refused to suppress the evidence recovered therefrom (*see George*, 78 AD3d at 728-729; *Cosme*, 70 AD3d at 1364; *Smith*, 66 AD3d at 514).

Entered: September 27, 2013                           Frances E. Cafarell
                                                       Clerk of the Court