# SUPREME COURT OF THE STATE OF NEW YORK
## *Appellate Division, Fourth Judicial Department*

**1139**

**KA 12-00164**

PRESENT: CENTRA, J.P., FAHEY, CARNI, SCONIERS, AND VALENTINO, JJ.

---

THE PEOPLE OF THE STATE OF NEW YORK, RESPONDENT,

V

MEMORANDUM AND ORDER

DALLAS E. PONZO, JR., DEFENDANT-APPELLANT.

---

THE LEGAL AID BUREAU OF BUFFALO, INC., BUFFALO (ROBERT B. HALLBORG, JR., OF COUNSEL), FOR DEFENDANT-APPELLANT.

FRANK A. SEDITA, III, DISTRICT ATTORNEY, BUFFALO (MATTHEW B. POWERS OF COUNSEL), FOR RESPONDENT.

---

Appeal from a judgment of the Supreme Court, Erie County (M. William Boller, A.J.), rendered January 6, 2012. The judgment convicted defendant, upon a jury verdict, of criminal possession of a controlled substance in the fifth degree, aggravated unlicensed operation of a motor vehicle in the second degree, speeding and failure to obey a police officer.

It is hereby ORDERED that the judgment so appealed from is unanimously affirmed.

Memorandum: Defendant appeals from a judgment convicting him upon a jury verdict of, inter alia, criminal possession of a controlled substance in the fifth degree (Penal Law § 220.06 [5]) and aggravated unlicensed operation of a motor vehicle in the second degree (Vehicle and Traffic Law § 511 [2] [a] [iv]). We reject defendant's contention that Supreme Court erred in refusing to suppress the crack cocaine seized from the vehicle he was driving. The court's implicit credibility determinations " 'are entitled to great deference on appeal and will not be disturbed unless clearly unsupported by the record' " (*People v Bush*, 107 AD3d 1581, 1582). The testimony at the suppression hearing established that the State Troopers observed defendant driving a vehicle in excess of the posted speed limit, which justified their stop of the vehicle for speeding (*see People v Williams*, 79 AD3d 1653, 1654, *affd* 17 NY3d 834). Thereafter, one of the Troopers, trained in the recognition of marihuana, detected the odor of marihuana when he approached the vehicle, which provided probable cause to search the vehicle (*see People v Chestnut*, 43 AD2d 260, 261, *affd* 36 NY2d 971; *People v Cuffie*, 109 AD3d 1200, 1201). Further, the Trooper noticed marihuana "residue" on the driver's side floorboard and seat. "Having justifiably stopped the vehicle for [a traffic violation] and having detected the odor of marihuana from inside it, [the Trooper] had

reasonable suspicion that the [vehicle] contained drugs and the subsequent canine sniff was proper" (*People v Gathogo*, 276 AD2d 925, 926-927, *lv denied* 96 NY2d 734).  Contrary to defendant's contention, the Trooper's testimony was not "incredible as a matter of law," i.e., " 'manifestly untrue, physically impossible, contrary to experience, or self-contradictory' " (*Bush*, 107 AD3d at 1582).

We note that defendant's release to parole supervision does not render moot his challenge to the severity of the sentence because "he 'remains under the control of the Parole Board until his sentence has terminated' " (*People v Barber*, 106 AD3d 1533, 1533).  Nevertheless, we conclude that the sentence is not unduly harsh or severe.