# SUPREME COURT OF THE STATE OF NEW YORK
## *Appellate Division, Fourth Judicial Department*

**169**
**KA 10-00058**
PRESENT: CENTRA, J.P., PERADOTTO, LINDLEY, SCONIERS, AND WHALEN, JJ.

---

THE PEOPLE OF THE STATE OF NEW YORK, RESPONDENT,

V                                      MEMORANDUM AND ORDER

DEMETRIUS L. MACK, DEFENDANT-APPELLANT.

---

TIMOTHY P. DONAHER, PUBLIC DEFENDER, ROCHESTER (JANE I. YOON OF COUNSEL), FOR DEFENDANT-APPELLANT.

SANDRA DOORLEY, DISTRICT ATTORNEY, ROCHESTER (NICOLE M. FANTIGROSSI OF COUNSEL), FOR RESPONDENT.

---

Appeal from a judgment of the Monroe County Court (Richard A. Keenan, J.), rendered December 3, 2009. The judgment convicted defendant, upon his plea of guilty, of criminal possession of a controlled substance in the third degree.

It is hereby ORDERED that the judgment so appealed from is unanimously affirmed.

Memorandum: On appeal from a judgment convicting him, upon his plea of guilty, of criminal possession of a controlled substance in the third degree (Penal Law § 220.16 [1]), defendant contends that County Court erred in refusing to suppress the physical evidence found in his vehicle because the police did not have probable cause to search the vehicle. Contrary to the People's contention, defendant argued in support of suppression that the search was unlawful because the police did not have probable cause and thus preserved his present contention for our review. Nevertheless, we reject defendant's contention. The police were entitled to stop defendant's vehicle based on his failure to use his turn signal before turning (*see People v Cuffie*, 109 AD3d 1200, 1201; *see generally* Vehicle and Traffic Law § 1163 [a], [b]). Furthermore, the officer who stopped the vehicle testified at the suppression hearing that he was familiar with the odor of marihuana, and he detected that odor upon reaching the driver's door. "[I]t is well established that '[t]he odor of marihuana emanating from a vehicle, when detected by an officer qualified by training and experience to recognize it, is sufficient to constitute probable cause' " to search a vehicle (*Cuffie*, 109 AD3d at 1201; *see People v Ponzo*, 111 AD3d 1347, 1347-1348).

Entered:  February 14, 2014                    Frances E. Cafarell
                                               Clerk of the Court