■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v DION JOHN, Also Known as DION T. JOHN, Appellant. [988 NYS2d 885]—

Appeal by the defendant from a judgment of the Supreme Court, Queens County (Kron, J.), rendered December 20, 2012, convicting him of criminal possession of a weapon in the second degree (two counts), criminal possession of a weapon in the third degree, criminal possession of stolen property in the fifth degree, criminal possession of marijuana in the fifth degree, and

improper equipment of a vehicle (Vehicle and Traffic Law § 375 [40]), upon his plea of guilty, and imposing sentence. The appeal brings up for review the denial, after a hearing (Modica, J.), of those branches of the defendant's omnibus motion which were to suppress physical evidence and his statements to law enforcement officials.

Ordered that the judgment is affirmed.

The credibility determinations of a hearing court are accorded great deference on appeal, and will not be disturbed unless clearly unsupported by the record (*see People v Glover*, 84 AD3d 977, 978 [2011]; *People v Tandle*, 71 AD3d 1176, 1178 [2010]). Generally, the decision to stop an automobile is objectively reasonable where the police have probable cause to believe that a violation of the Vehicle and Traffic Law has occurred (*see People v Pealer*, 20 NY3d 447, 450-452 [2013]; *People v Wright*, 98 NY2d 657, 658-659 [2002]; *People v Abraham*, 111 AD3d 756, 756 [2013]). Here, the record supports the hearing court's determination to credit a police officer's testimony that he observed that the defendant's vehicle had a defective or inoperable brake light, which justified the stop of the vehicle for a traffic infraction (*see* Vehicle and Traffic Law § 375 [40] [b]; *People v Davis*, 103 AD3d 810, 811 [2013]; *People v Glover*, 84 AD3d at 978).

The hearing court also properly found, upon crediting the police officer's testimony, that upon his approach to the defendant's vehicle, he detected the odor of marijuana emanating from the opened driver's side window, and observed a clear plastic bag in the ashtray. In light of these circumstances, the police had probable cause to search the vehicle (*see People v Condon*, 100 AD3d 920, 920 [2012]; *People v Hughes*, 68 AD3d 894, 895 [2009]; *People v Cirigliano*, 15 AD3d 672, 673 [2005]). Consequently, the hearing court properly denied that branch of the defendant's omnibus motion which was to suppress the physical evidence recovered during the vehicle search. Additionally, since the search of the defendant's vehicle and his arrest were lawful, his subsequent statements to the police cannot be deemed the fruit of the poisonous tree subject to the exclusionary rule. Accordingly, the hearing court also properly denied that branch of the defendant's omnibus motion which was to suppress his statements to the police (*see People v McClendon*, 92 AD3d 959, 960 [2012]; *People v George*, 78 AD3d 728, 728-729 [2010]; *People v Day*, 8 AD3d 495, 496 [2004]; *see generally Wong Sun v United States*, 371 US 471 [1963]). Eng, P.J., Leventhal, Lott and Roman, JJ., concur.