■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JAHAN H. NORMAN, Appellant. [37 NYS3d 582]—

Appeal by the defendant from a judgment of the Supreme Court, Queens County (Kron, J.), rendered October 2, 2014,

convicting him of criminal possession of a controlled substance in the third degree, criminal possession of a controlled substance in the fifth degree (two counts), criminal possession of a controlled substance in the seventh degree (two counts), criminal possession of marihuana in the fourth degree, criminal possession of marihuana in the fifth degree, and unlawful possession of marihuana, upon his plea of guilty, and imposing sentence. The appeal brings up for review the denial, after a hearing (Paynter, J.), of that branch of the defendant's omnibus motion which was to suppress physical evidence.

Ordered that the judgment is affirmed.

The credibility determinations of a hearing court are accorded deference on appeal, and will not be disturbed unless clearly unsupported by the record (*see People v Prochilo*, 41 NY2d 759, 761 [1977]; *People v Condon*, 100 AD3d 920 [2012]). Here, the record supports the hearing court's determination that probable cause existed for the warrantless search of the defendant's vehicle, based on an experienced narcotics officer's detection of the odor of burnt marihuana emanating from the defendant's parked vehicle (*see People v McLaren*, 131 AD3d 548, 549 [2015]; *People v John*, 119 AD3d 709, 710 [2014]; *People v Cuffie*, 109 AD3d 1200, 1201 [2013]; *People v Robinson*, 103 AD3d 421 [2013]; *People v Chestnut*, 43 AD2d 260 [1974], *affd* 36 NY2d 971 [1975]). Thus, the officer necessarily had reasonable suspicion of criminal activity which justified his action in detaining the defendant by placing his police vehicle in a position that did not allow the defendant to leave (*see generally People v Jennings*, 45 NY2d 998, 999 [1978]; *People v Loper*, 115 AD3d 875, 879 [2014]; *People v Hurdle*, 106 AD3d 1100 [2013]). Accordingly, the hearing court properly denied that branch of the defendant's omnibus motion which was to suppress physical evidence recovered during the vehicle search. Mastro, J.P., Austin, Sgroi and Maltese, JJ., concur.