# SUPREME COURT OF THE STATE OF NEW YORK
## Appellate Division, Fourth Judicial Department

1232
KA 14-00834
PRESENT: PERADOTTO, J.P., CARNI, CURRAN, TROUTMAN, AND SCUDDER, JJ.

THE PEOPLE OF THE STATE OF NEW YORK, RESPONDENT,

V                                          MEMORANDUM AND ORDER

ALLEN L. RICKS, JR., DEFENDANT-APPELLANT.

D.J. & J.A. CIRANDO, ESQS., SYRACUSE (JOHN A. CIRANDO OF COUNSEL), FOR DEFENDANT-APPELLANT.

ALLEN L. RICKS, JR., DEFENDANT-APPELLANT PRO SE.

KRISTYNA S. MILLS, DISTRICT ATTORNEY, WATERTOWN (NICOLE L. KYLE OF COUNSEL), FOR RESPONDENT.

---

Appeal from a judgment of the Jefferson County Court (Kim H. Martusewicz, J.), rendered December 16, 2013. The judgment convicted defendant, upon his plea of guilty, of attempted criminal possession of a controlled substance in the third degree and attempted criminal possession of a weapon in the second degree.

It is hereby ORDERED that the judgment so appealed from is unanimously affirmed.

Memorandum: Defendant appeals from a judgment convicting him upon his plea of guilty of attempted criminal possession of a controlled substance in the third degree (Penal Law §§ 110.00, 220.16 [1]) and attempted criminal possession of a weapon in the second degree (§§ 110.00, 265.03 [3]). We agree with defendant that the waiver of the right to appeal was not valid inasmuch as the "inquiry made by [County] Court was insufficient to establish that the court engage[d] the defendant in an adequate colloquy to ensure that the waiver of the right to appeal was a knowing and voluntary choice" (*People v Sanford*, 138 AD3d 1435, 1436 [internal quotation marks omitted]), and because " '[t]he court [also] did not inquire of defendant whether he understood the written waiver or whether he had even read the waiver before signing it' " (*id.*, quoting *People v Bradshaw*, 18 NY3d 257, 262). However, defendant failed to preserve for our review his contention that his plea was not knowing, intelligent and voluntary because he did not move to withdraw the plea or to vacate the judgment of conviction (*see People v Laney*, 117 AD3d 1481, 1482), and this case does not fall within the rare exception to the preservation requirement (*see People v Lopez*, 71 NY2d 662, 666; *Sanford*, 138 AD3d at 1436).

Defendant further contends in his main and pro se supplemental briefs that the court erred in refusing to suppress the evidence seized from defendant and the trunk of his vehicle because the police did not have probable cause to search defendant or his vehicle. We reject that contention. The record establishes, and defendant does not dispute, that the arresting officer was entitled to stop defendant's vehicle based on a violation of the Vehicle and Traffic Law (*see People v Raghnal*, 135 AD3d 1168, 1168-1169, *lv denied* 27 NY3d 1137; *see also* § 375 [31]; *see generally People v Cuffie*, 109 AD3d 1200, 1201, *lv denied* 22 NY3d 1087). We also conclude that, following the traffic stop, the officer had probable cause to search defendant and the vehicle. Contrary to defendant's contention, it is well established that "[t]he odor of marihuana emanating from a vehicle, when detected by an officer qualified by training and experience to recognize it, is sufficient to constitute probable cause to search a vehicle and its occupants" (*Cuffie*, 109 AD3d at 1201 [internal quotation marks omitted]; *see People v Chestnut*, 43 AD2d 260, 261-262, *affd* 36 NY2d 971; *see also People v Mack*, 114 AD3d 1282, 1282, *lv denied* 22 NY3d 1200). The remaining contentions of defendant, including those raised in his pro se supplemental brief and reply brief, are not preserved for our review (*see* CPL 470.05 [2]), and we decline to exercise our power to review those contentions as a matter of discretion in the interest of justice (*see* CPL 470.15 [3] [c]).

Entered:  December 23, 2016                    Frances E. Cafarell
                                               Clerk of the Court