People v Townsend (2024 NY Slip Op 01410)

People v Townsend

2024 NY Slip Op 01410

Decided on March 15, 2024

Appellate Division, Fourth Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on March 15, 2024
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: WHALEN, P.J., LINDLEY, BANNISTER, OGDEN, AND GREENWOOD, JJ.

96 KA 20-01193

[*1]THE PEOPLE OF THE STATE OF NEW YORK, RESPONDENT,
v
LONNIE TOWNSEND, DEFENDANT-APPELLANT. 

JULIE CIANCA, PUBLIC DEFENDER, ROCHESTER (CLEA WEISS OF COUNSEL), FOR DEFENDANT-APPELLANT. 
SANDRA DOORLEY, DISTRICT ATTORNEY, ROCHESTER (MERIDETH H. SMITH OF COUNSEL), FOR RESPONDENT. 

 Appeal from a judgment of the Supreme Court, Monroe County (Thomas E. Moran, J.), rendered September 2, 2020. The judgment convicted defendant upon a guilty plea of criminal possession of a weapon in the second degree. 
It is hereby ORDERED that the judgment so appealed from is unanimously affirmed.
Memorandum: On appeal from a judgment convicting defendant upon his plea of guilty of criminal possession of a weapon in the second degree (Penal Law § 265.03 [3]), defendant contends that the conviction is unconstitutional in light of the United States Supreme Court's decision in New York State Rifle & Pistol Assn., Inc. v Bruen (597 US 1 [2022]). Defendant failed to raise a constitutional challenge before the trial court, however, and therefore any such contention is unpreserved for our review (see People v Jacque-Crews, 213 AD3d 1335, 1335-1336 [4th Dept 2023], lv denied 39 NY3d 1111 [2023]; see generally People v Davidson, 98 NY2d 738, 739-740 [2002]; People v Reinard, 134 AD3d 1407, 1409 [4th Dept 2015], lv denied 27 NY3d 1074 [2016], cert denied 580 US 969 [2016]). Contrary to defendant's contention, his "challenge to the constitutionality of [his conviction under the] statute must be preserved" (People v Baumann & Sons Buses, Inc., 6 NY3d 404, 408 [2006], rearg denied 7 NY3d 742 [2006]; see People v Cabrera, — NY3d —, —, 2023 NY Slip Op 05968, *2-7 [2023]). We decline to exercise our power to review defendant's constitutional challenge as a matter of discretion in the interest of justice (see CPL 470.15 [3] [c]).
Defendant further contends that Supreme Court erred in refusing to suppress the physical evidence found in his vehicle because the police lacked probable cause to search the vehicle. We reject that contention. The record establishes, and defendant does not dispute, that the police were entitled to stop his vehicle based on an observed violation of the Vehicle and Traffic Law (see People v Ricks, 145 AD3d 1610, 1610-1611 [4th Dept 2016], lv denied 29 NY3d 1000 [2017]; see generally People v Robinson, 97 NY2d 341, 349 [2001]; People v Binion, 100 AD3d 1514, 1515 [4th Dept 2012], lv denied 21 NY3d 911 [2013]).
Furthermore, we conclude that, after stopping the vehicle, the police had probable cause to search it. At the time that the stop was conducted in 2019, it was "well established that [t]he odor of marihuana emanating from a vehicle, when detected by an officer qualified by training and experience to recognize it, [was] sufficient to constitute probable cause" to search a vehicle (People v Cuffie, 109 AD3d 1200, 1201 [4th Dept 2013], lv denied 22 NY3d 1087 [2014] [internal quotation marks omitted]). A police officer testified at the suppression hearing that he was familiar with the smell of marihuana based on his "on-the-job experience," and that he detected that odor emanating from the vehicle as he approached it (see People v Wright, 158 AD3d 1125, 1126-1127 [4th Dept 2018], lv denied 31 NY3d 1089 [2018]; People v Mack, 114 AD3d 1282, 1282 [4th Dept 2014], lv denied 22 NY3d 1200 [2014]; Cuffie, 109 AD3d at 1201). We discern no basis to disturb the court's credibility assessments, which are entitled to great [*2]deference, because "[n]othing about the [challenged] testimony was unbelievable as a matter of law, manifestly untrue, physically impossible, contrary to experience, or self contradictory" (People v Walker, 128 AD3d 1499, 1500 [4th Dept 2015], lv denied 26 NY3d 936 [2015] [internal quotation marks omitted]; see generally People v Prochilo, 41 NY2d 759, 761 [1977]; People v Bush, 107 AD3d 1581, 1582 [4th Dept 2013], lv denied 22 NY3d 954 [2013]).
Although the recently-enacted Penal Law § 222.05 (3) states that in "any criminal proceeding," including suppression hearings, no finding of probable cause shall be based solely on evidence of the odor of cannabis, that statute does not apply retroactively (see People v Pastrana, — NY3d —, —, 2023 NY Slip Op 05966, *2-3 [2023]; People v Vaughn, 203 AD3d 1729, 1730 [4th Dept 2022], lv denied 38 NY3d 1036 [2022]), and a pending direct appeal does not "constitute a 'criminal proceeding' to which [that] statute applies" (People v Kuforiji, 209 AD3d 499, 500 [1st Dept 2022], lv denied 39 NY3d 986 [2022]; see People v Fabien, 206 AD3d 436, 437 [1st Dept 2022], lv denied 39 NY3d 985 [2022]).
Entered: March 15, 2024
Ann Dillon Flynn
Clerk of the Court