23-6020 (L)
*United States v. Burt*

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

# <u>SUMMARY ORDER</u>

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 1st day of July, two thousand twenty-four.

PRESENT:
> GERARD E. LYNCH,
> SUSAN L. CARNEY,
> MICHAEL H. PARK,
> *Circuit Judges.*

_____

United States of America,

> *Appellee*,

> v.                                    23-6020 (L), 23-6037

Ramion Burt, Marion Frampton, AKA Marion Framton III,

> *Defendants-Appellants*.

_____

| | |
|---|---|
| FOR APPELLEE: | RAJIT S. DOSANJH (Cyrus P.W. Rieck, *on the brief*), Assistant United States Attorneys, *for* Carla B. Freedman, United States Attorney for the Northern District of New York, Syracuse, NY. |
| FOR DEFENDANTS-APPELLANTS: | JAY S. OVSIOVITCH, Federal Public Defenders, Rochester, NY, *for Ramion Burt*. |

ERIC M. GALARNEU, Albany, NY, *for Marion Frampton*.

Appeal from a judgment of the United States District Court for the Northern District of New York (Scullin, *J.*).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment of the district court is **AFFIRMED**.

On the evening of February 26, 2021, New York State Troopers stopped Appellants Ramion Burt and Marion Frampton on the New York State Thruway. Burt had been driving, and the officers saw his vehicle cross the fog line several times. The officer driving the police vehicle, New York State Trooper Donald VanBuren, then initiated a traffic stop. As the officers approached Burt's vehicle they smelled both raw and burnt marijuana and saw a silver marijuana grinder on the center console. They decided to conduct a search. VanBuren first searched Burt, but found nothing. After seeing a bag containing marijuana in Frampton's sweatshirt pocket, VanBuren searched him and found marijuana and roughly $1,000 in cash in his pockets, as well as a clear plastic bag holding about 40 grams of fentanyl in his shoe. The officers then searched the vehicle. They discovered 35 grams of marijuana and $19,300 in cash in a backpack in the back seat, as well as 500 grams of cocaine and 55 grams of fentanyl in the locked glove compartment. They then arrested Burt and Frampton.

Both were subsequently charged with one count of conspiracy to distribute and possess with intent to distribute 40 grams or more of a substance containing fentanyl and an unspecified amount of cocaine, in violation of 21 U.S.C. §§ 841(a)(1) and 846, and one substantive count of possessing the same with intent to distribute, in violation of 21 U.S.C. § 841(a). Each moved to suppress the drugs found in the car. After a hearing at which VanBuren and the other officer,

New York State Police Investigator Conan Duelk, testified, the district court denied the motions. Burt and Frampton then pleaded guilty to the charges in the indictment but reserved their rights to challenge the denial of the suppression motions. They now appeal that ruling.

Burt and Frampton make three arguments: (1) The officers lacked the reasonable suspicion of a traffic violation needed to justify the traffic stop; (2) the officers unlawfully expanded the scope of the traffic stop to search the vehicle and unlawfully searched Frampton; and (3) the district court erred in limiting a line of cross-examination at the suppression hearing and in denying leave to file post-hearing briefing. Upon review, we reject each of these arguments and affirm the judgment of the district court. We assume the parties' familiarity with the remaining underlying facts, procedural history of the case, and issues on appeal.

"We review a district court's ruling on a suppression motion for clear error as to factual findings and *de novo* as to legal issues." *United States v. Bodnar*, 37 F.4th 833, 839 (2d Cir. 2022). We similarly review mixed questions of law and fact *de novo*. *See United States v. Santillan*, 902 F.3d 49, 56 (2d Cir. 2018).

**I.     The Lawfulness of the Traffic Stop**

Appellants first argue that the traffic stop was unlawful because Burt's driving did not violate any traffic law. We disagree.

An officer needs reasonable suspicion of a traffic violation to make a traffic stop. *See United States v. Stewart*, 551 F.3d 187, 188 (2d Cir. 2009). "Reasonable suspicion requires more than an inarticulate hunch. The suspicion must derive from specific and articulable facts which, taken together with rational inferences from those facts, provide detaining officers with a

particularized and objective basis for suspecting wrongdoing." *Santillan*, 902 F.3d at 56 (cleaned up).

VanBuren had reasonable suspicion that Burt violated New York Vehicle & Traffic Law § 1128(a) by driving over the fog line three times within approximately a mile. That provision requires drivers to stay "as nearly as practicable entirely within a single lane" and to not move "from such lane until the driver has first ascertained that such movement can be made with safety." N.Y. Vehicle & Traffic L. § 1128(a). New York courts have held that two or more crossings of the fog line in a short period violates § 1128(a). *See People v. Tandle*, 898 N.Y.S.2d 597, 598-99 (2d Dep't 2010); *People v. Parris*, 809 N.Y.S.2d 176, 177 (2d Dep't 2006).

Even if VanBuren were mistaken about whether Burt's conduct violated § 1128(a), he would still have had reasonable suspicion, which may rest on a mistake of law that is "objectively reasonable." *Heien v. North Carolina*, 574 U.S. 54, 66 (2014). That standard is satisfied when "the law at issue is so doubtful in construction that a reasonable judge could agree with the officer's view." *United States v. Diaz*, 854 F.3d 197, 204 (2d Cir. 2017) (cleaned up). Here, not only could a reasonable judge agree with VanBuren's view of § 1128(a), but, as observed above, panels of the Appellate Division actually have done so. VanBuren thus had reasonable suspicion that Burt committed a traffic violation, and the stop was lawful.

**II.     Whether Evidence Found During the Stop Should Be Suppressed**

Appellants next make several arguments for suppressing the drugs based on the officers' conduct during the traffic stop. They claim that the stop was unlawfully extended beyond the time necessary to address the traffic violation; that the officers unlawfully searched the vehicle; and that the officers unlawfully searched Frampton. We conclude that the stop was lawfully

extended and that the officers had probable cause to search the vehicle based on the odor of marijuana coming from the vehicle, the marijuana grinder located on the center console, and Burt's admission that he had smoked marijuana two hours earlier. We need not determine whether the search of Frampton was lawful because the evidence obtained from that search inevitably would have been discovered. *See United States v. Heath*, 455 F.3d 52, 55 (2d Cir. 2006) ("Under the 'inevitable discovery' doctrine, evidence obtained during the course of an unreasonable search and seizure should not be excluded if the government can prove that the evidence would have been obtained inevitably without the constitutional violation." (cleaned up)).

The Fourth Amendment prohibits officers from extending a traffic stop beyond the time in which the tasks tied to the traffic infraction "are—or reasonably should have been—completed, unless the officer develops reasonable suspicion of criminal activity sufficient to extend the stop." *Santillan*, 902 F.3d at 56 (citing *Rodriguez v. United States*, 575 U.S. 348, 354-55 (2015)). The smell of marijuana created reasonable suspicion to extend the traffic stop here. *See United States v. Jenkins*, 452 F.3d 207, 214 (2d Cir. 2006).[1]

"[W]hile the Fourth Amendment generally requires police to obtain a warrant before conducting a search, an automobile exception to this rule permits police to conduct a warrantless search of a readily mobile motor vehicle if probable cause exists to believe the vehicle contains contraband or other evidence of a crime." *United States v. Patterson*, 25 F.4th 123, 150 (2d Cir.

---

[1] Because the New York law legalizing personal-use marijuana was not yet in effect at the time of the events in question, *see* N.Y. Pen. L. § 222.05(1) (effective Mar. 31, 2021), and the law does not apply retroactively, *People v. Pastrana*, 41 N.Y.3d 23, 29-30 (2023), *cert. denied sub nom. Pastrana v. New York*, 144 S. Ct. 1066 (2024), we need not decide how that legislation would have affected the validity of the search.

2022) (cleaned up). "Furthermore, when the police possess probable cause to believe a vehicle contains contraband, they may conduct a warrantless search of every part of the vehicle and its contents, including all containers and packages in the vehicle." *United States v. Gagnon*, 373 F.3d 230, 235 (2d Cir. 2004) (cleaned up).

Although VanBuren searched Frampton before searching the vehicle, the officers had probable cause to search the vehicle regardless of the evidence found on Frampton. Both officers testified that they planned to search the vehicle once they smelled marijuana. And that smell, along with the marijuana grinder on the center console and Burt's admission to smoking marijuana two hours earlier, was sufficient to establish probable cause. *See United States v. Jackson*, 652 F.2d 244, 251 n.6 (2d Cir. 1981) ("Probable cause can be established by a . . . suspicious smell or appearance."); *see also United States v. Goolsby*, 820 F. App'x 47, 49 (2d Cir. 2020) (summary order) (holding that a search of a vehicle and containers within was justified by the smell of burnt marijuana and the driver's disclosure that he had smoked "earlier."). As the district court determined, the officers thus inevitably would have discovered the drugs in the back seat and glovebox even if they had not searched Frampton first. And as the district court also determined, the officers next would have arrested and searched Frampton and found the drugs he carried. *See United States v. Delva*, 858 F.3d 135, 148 (2d Cir. 2017) ("It is well settled that a search incident to a lawful arrest is a traditional exception to the search warrant requirement of the Fourth Amendment. Thus, a search may be made of the person of the arrestee by virtue of the lawful arrest." (cleaned up)). The district court correctly denied the motions to suppress.

**III.    Cross-Examination at the Suppression Hearing and Post-Hearing Briefing**

Finally, Appellants argue that the district court improperly limited cross-examination

regarding VanBuren's justification for searching Frampton and improperly denied Appellants leave to file post-hearing briefing regarding whether Burt's driving violated New York traffic law. We need not resolve whether either decision was error because any such error would be harmless. As discussed above, the outcome of the suppression motions did not depend on the legality of Frampton's search.   And we have now rejected Appellants' fully-briefed arguments about the lawfulness of the stop.

* * *

We have considered Appellants' remaining arguments and find them to lack merit.   For the foregoing reasons, the judgment of the district court is **AFFIRMED**.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk of Court