People v Steward (2025 NY Slip Op 01825)

People v Steward

2025 NY Slip Op 01825

Decided on March 26, 2025

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on March 26, 2025
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

BETSY BARROS, J.P.
WILLIAM G. FORD
LILLIAN WAN
LAURENCE L. LOVE, JJ.

2018-03416
 (Ind. No. 10492/14)

[*1]The People of the State of New York, respondent,
v
Anthony D. Steward, appellant.

Patricia Pazner, New York, NY (Steven C. Kuza of counsel), for appellant.
Melinda Katz, District Attorney, Kew Gardens, NY (Johnnette Traill and Joseph M. DiPietro of counsel), for respondent.

DECISION & ORDER
Appeal by the defendant from a judgment of the Supreme Court, Queens County (Daniel M. Lewis, J.), rendered January 8, 2018, as amended January 17, 2018, convicting him of criminal possession of a controlled substance in the fourth degree and unlawful possession of marihuana, after a nonjury trial, and imposing sentence. The appeal brings up for review the denial (Barry A. Schwartz, J.), after a hearing, of that branch of the defendant's omnibus motion which was to suppress physical evidence.
ORDERED that the appeal from so much of the judgment, as amended, as convicted the defendant of unlawful possession of marihuana is dismissed as academic; and it is further,
ORDERED that the judgment, as amended, is reversed insofar as reviewed, on the law, and the matter is remitted to the Supreme Court, Queens County, for a new trial on the count of the indictment charging the defendant with criminal possession of a controlled substance in the fourth degree.
The defendant was convicted, after a nonjury trial, of criminal possession of a controlled substance in the fourth degree (Penal Law § 220.09[1]) and unlawful possession of marihuana (id. former § 221.05, repealed by L 2021, ch 92, § 15). The evidence adduced at trial established that, on the evening of July 8, 2014, police officers stopped a vehicle in which the defendant was a passenger for alleged traffic infractions involving tinted windows and a broken rear taillight. A police officer testified that, during the subject stop, he smelled marihuana and saw a bag of marihuana inside the vehicle. Another officer searched the defendant and recovered, among other things, six bags of crack cocaine, a marihuana cigarette, and a bag of marihuana from the defendant's person.
The defendant's conviction of unlawful possession of marihuana became a nullity by operation of law, independently of any appeal, and without requiring any action by this Court (see CPL 160.50[5]; People v Bensabeur, 225 AD3d 891, 892). Consequently, the appeal from so much of the judgment, as amended, as convicted the defendant of unlawful possession of marihuana must be dismissed as academic (see People v Bensabeur, 225 AD3d at 892).
The defendant's contention that the Supreme Court erred in denying suppression of all physical evidence because the stop of the vehicle was improper is unpreserved for appellate review (see CPL 470.05[2]; see People v West, 218 AD3d 798, 799), and in any event, without merit. Although the Court of Appeals recently concluded that testimony that a vehicle's windows were "excessively tinted" was insufficient to establish a basis for a stop based upon a traffic infraction (People v Nektalov, 42 NY3d 363, 366 [internal quotation marks omitted]), in this case, a police officer further testified that one of the vehicle's rear taillights was broken with the light from a white bulb emitting light through the crack, indicative of a "defective or inoperable brake light" (People v John, 119 AD3d 709, 710), which was a sufficient basis for the stop. Moreover, the court properly concluded that the subsequent search of the defendant's person was supported by probable cause (see People v Clements, 221 AD3d 1023, 1025; People v Henderson, 197 AD3d 663, 664).
Viewing the evidence adduced at the trial in the light most favorable to the prosecution (see People v Contes, 60 NY2d 620, 621), we find that it was legally sufficient to establish the defendant's guilt of criminal possession of a controlled substance in the fourth degree beyond a reasonable doubt. Moreover, in fulfilling our responsibility to conduct an independent review of the weight of the evidence (see CPL 470.15[5]; People v Danielson, 9 NY3d 342), we nevertheless accord great deference to the factfinder's opportunity to view the witnesses, hear the testimony, and observe demeanor (see People v Mateo, 2 NY3d 383, 410; People v Bleakley, 69 NY2d 490, 494). Upon reviewing the record here, we are satisfied that the verdict of guilt as to that count was not against the weight of the evidence (see People v Romero, 7 NY3d 633).
However, the Supreme Court, in rendering its verdict, impermissibly shifted the burden of proof to the defendant. The defendant asserted at trial that he had been framed by the police. In delivering its verdict, the court ruled that "the credible testimony before me does not persuade this Court beyond a reasonable doubt that [the] defendant was in fact framed. And that being so . . . I find [the] defendant guilty." The court's finding "reverses the constitutionally required principles that the defense bears no burden and that it is the prosecution that must introduce evidence sufficient to persuade the fact finder, beyond a reasonable doubt, of the defendant's guilt" (People v Antommarchi, 80 NY2d 247, 252; see People v David, 41 NY3d 90, 97). Accordingly, the judgment, as amended, must be reversed insofar as reviewed, and we remit the matter to the Supreme Court, Queens County, for a new trial on the count of the indictment charging the defendant with criminal possession of a controlled substance in the fourth degree.
In light of our determination, we need not reach the parties' remaining contentions.
BARROS, J.P., FORD, WAN and LOVE, JJ., concur.
ENTER:
Darrell M. Joseph
Clerk of the Court