People v Rodriguez (2026 NY Slip Op 00475)

People v Rodriguez

2026 NY Slip Op 00475

Decided on February 03, 2026

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: February 03, 2026

Before: Webber, J.P., Kennedy, Mendez, Rodriguez, Michael, JJ. 

Ind. No. 3736/19|Appeal No. 5721|Case No. 2024-00940|

[*1]The People of the State of New York, Respondent,
vJonathan Rodriguez, Defendant-Appellant.

Jenay Nurse Guilford, Center for Appellate Litigation, New York (Cathy Liu of counsel), for appellant.
Alvin L. Bragg, Jr., District Attorney, New York (Matthew Colangelo of counsel), for respondent.

Judgment, Supreme Court, New York County (Robert M. Mandelbaun, J.), rendered May 31, 2023, convicting defendant, upon his plea of guilty, of manslaughter in the first degree, two counts of criminal possession of a controlled substance in the third degree, two counts of criminal possession of a weapon in the second degree, and criminal possession of marijuana in the second degree, and sentencing him, as a second violent felony offender, to an aggregate term of 25 years, unanimously affirmed.
Notwithstanding that defendant was not interviewed for the pre-sentence report and that the report relied to a degree on a pre-sentence report regarding a crime defendant was convicted of seven years prior, the report was not deficient "because a presentence interview is not a legal requirement," defendant's sentence was the result of a negotiated plea, and the sentencing court had ample information regarding many aspects of defendant's history (see People v Lashley, 192 AD3d 434, 434-435 [1st Dept 2021], lv denied 37 NY3d 959 [2021]).
Defendant's repeated and serious disruptive behavior established a breach of the "return to court" condition of his guilty plea (see Illinois v Allen, 397 US 337, 343 [1970]) and justified the court's determination that defendant forfeited his right to be present and its imposition of a three-year sentence enhancement beyond the originally agreed-upon sentence.
We perceive no basis for reducing his sentence.
THIS CONSTITUTES THE DECISION AND ORDER OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: February 3, 2026