People v Wilson (2026 NY Slip Op 01858)

People v Wilson

2026 NY Slip Op 01858

Decided on March 26, 2026

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: March 26, 2026

Before: Webber, J.P., González, Mendez, O'Neill Levy, Hagler, JJ. 

Ind. No. 225/21, 319/21|Appeal No. 6208|Case No. 2023-00933|

[*1]The People of the State of New York, Respondent,
vTayquan Wilson, Appellant.

Twyla Carter, The Legal Aid Society, New York (Claire Glass of counsel), for appellant.
Darcel D. Clark, District Attorney, Bronx (Emily Anne Aldridge of counsel), for respondent.

Judgments, Supreme Court, Bronx County (Steven Barrett, J. at suppression hearing; Dineen A. Riviezzo, J. on motion to dismiss; Albert Lorenzo, J. at plea and sentencing), rendered January 19, 2023, convicting defendant of attempted robbery in the first degree under indictment No. 225/21, and attempted criminal possession of a weapon in the second degree under indictment No. 319/21, and sentencing him to concurrent terms of 3½ years, unanimously modified, as a matter of discretion in the interest of justice, to the extent of vacating the surcharges and fees imposed at sentencing, and otherwise affirmed. Defendant made a valid waiver of his right to appeal (see People v Thomas, 34 NY3d 545, 559 [2019], cert denied 589 US 1302 [2020]), which forecloses review of his excessive sentence claim (see People v Bawa, 234 AD3d 601, 602 [1st Dept 2025], lv denied 43 NY3d 943 [2025]). In any event, we perceive no basis for reducing the sentence.
Defendant's valid waiver of his right to appeal also forecloses review of his suppression claim (see id.). In any event, we find that Supreme Court properly denied defendant's motion seeking to suppress the firearm recovered from his person. The evidence established that defendant was seated alone in the passenger seat of a double-parked car on the road, in violation of Vehicle and Traffic Law § 1202(a)(1)(a). Upon approaching the vehicle, a police officer detected the distinctive odor of marijuana emanating from the vehicle and observed marijuana cigarettes in the center console. Under the law at that time, the police were authorized to search both the car and defendant, the latter of which revealed the presence of a firearm in defendant's waistband that the police lawfully recovered (see People v Badger, 52 AD3d 231, 232 [1st Dept 2008], lv denied 10 NY3d 955 [2008]).
Defendant's claim that Penal Law § 222.05(3), enacted under the Marihuana Regulation and Taxation Act and effective March 31, 2021 (see L 2021, ch 92), precluded the court from finding, at the post-enactment suppression hearing conducted on April 4, 2022, that probable cause existed to justify the pre-enactment search conducted on November 25, 2020, is unpreserved since he never raised this claim to the court that decided his motion to suppress evidence (see People v Williams, 244 AD3d 1785, 1786 [4th Dept 2025]; see also People v Pastrana, 41 NY3d 23, 30 n * [2023], cert denied — US &mdash, 144 S Ct 1066 [2024]), and we decline to review it in the interest of justice.
Defendant's valid appeal waiver also forecloses review of the court's discretionary denial of youthful offender treatment (see People v Pacherille, 25 NY3d 1021, 1024 [2015]). In any event, defendant did not preserve his claim that the court improperly denied his request for youthful offender treatment because he was not interviewed in connection with the pre-sentence report by the Department of Probation (see People v Braswell, 149 AD3d 580, 580 [2017], lv denied 29 NY3d 1124 [2017]), and we decline to review it in the interest of justice. As an alternative holding, we find that the court properly declined to grant youthful offender treatment (see e.g. People v Folk, 209 AD3d 590, 591 [1st Dept 2022], lv denied 39 NY3d 985 [2022]). A pre-sentence interview "is not a legal requirement," (People v Rodriguez, — AD3d &mdash, 2026 NY Slip Op 00475, *1 [1st Dept 2026).
Defendant's valid appeal waiver does not foreclose from review his Second Amendment claim, and he has standing to raise his challenge to the constitutionality of New York's firearm licensing scheme, notwithstanding that he never applied to obtain a firearm license (see People v Johnson, — NY3d &mdash, 2025, NY Slip Op 06528, *2 [2025]). However, defendant has failed to establish that the instant indictment is unconstitutional under New York State Rifle & Pistol Assn., Inc. v Bruen, (597 US 1 [2022]) (see e.g. Johnson, 2025 NY Slip Op 05628, *2).
To the extent that defendant also challenges New York's prohibition on individuals under 21 years old from obtaining a firearms license (see Penal Law § 400.00[1][a]), that claim is unpreserved for his failure to advance the same in his motion seeking to dismiss the indictment (see People v Maldonado, 242 AD3d 419, 420 [1st Dept 2025], lv denied 44 NY3d 1053 [2025]; see also People v Cabrera, 41 NY3d 35, 42-51 [2023]), and we decline to review it in the interest of justice. As an alternative holding, we find that this argument is unavailing (see e.g. People v Tarazona, 239 AD3d 544, 545 [1st Dept 2025], lv denied 44 NY3d 1013 [2025]).
Based on our own interest of justice powers, we vacate the surcharge and fees imposed on defendant at sentencing (see People v Johnson, 231 AD3d 679, 679-680 [1st Dept 2024], lv denied 42 NY3d 1053 [2024]). We note that the People do not oppose this relief.THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: March 26, 2026